James L. Wraith, State Bar No. 112234
E-mail: jwraith@selvinwraith.com
David A. Evans, State Bar No. 181854
E-mail: devans@selvinwraith.com
SELVIN WRAITH HALMAN LLP
505 14th Street, Suite 1200
Oakland, CA 94612
Telephone: (510) 874-1811
Facsimile: (510) 465-8976

Attorneys for Plaintiff
Western World Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| WESTERN WORLD INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>PROFESSIONAL COLLECTION CONSULTANTS,<br><br>    Defendant. | CASE NO. 2:15-cv-02342 MWF (VBKx)<br><br>**JOINT RULE 26(F) REPORT**<br><br>Date:          June 22, 2014<br>Time:         11:00 a.m.<br>Courtroom: 1600<br><br>Complaint Filed: 3/30/15 |

Pursuant to Rule 26(f) and this Court's Order Setting Scheduling Conference, Plaintiff Western World Insurance Company ("Western World") and Defendant Professional Collection Consultants (collectively, "Defendant") hereby submit the following Joint Case Management Statement and Rule 26(f) discovery plan.

**1.    Statement of the Case**

This insurance coverage rescission and declaratory relief action arises out of a directors and officers liability claim presented under Western World policy no. PRL8000034, effective February 17, 2014 to February 17, 2015 issued to Professional

Collection Consultants. Plaintiff alleges the Western World policy does not apply to the claims asserted in the underlying state court action captioned *Hudson v. Professional Collection Consultants*, Los Angeles County Superior Court Case No. BC570780 ("Hudson Action") and two additional claims asserted against Defendant ("Pole/McCann Claims"). The Hudson Action and Pole/McCann Claims allege wrongful termination, including retaliatory termination, and discrimination claims against Defendant. Western World is providing a defense to Defendant Hudson Action and Pole/McCann Claims. Western World may rescind its policy because in Defendant's application for insurance, Defendant denied it had a basis to believe that any wrongful act, event, matter, fact, circumstance, situation, or transaction might reasonably be expected to result in or be the basis of a future claim against Defendant. Defendant concealed that prior to applying for the Western World Policy, Defendant was the target of a criminal investigation by the federal government concerning Defendant's business practices. The federal investigation included a raid of Defendant's offices by the FBI, the issuance of grand jury subpoenas to several of Defendant's employees, including Hudson, and interviews of Defendant's employees by United States Attorneys. The Hudson Action and Pole/McCann Claims are also barred by various exclusions and conditions of the Western World policy, including the "prior knowledge" exclusion and "interrelated claims" exclusion. Defendant asserts that the Hudson Action and Pole/McCann Claims raised potential for coverage under the Western World policy. Defendant alleges Western World has wrongfully and in bad faith denied a defense to Defendant in the Hudson Action and Pole/McCann Claims.

**2.    Subject Matter Jurisdiction**

This Court has jurisdiction based on diversity of citizenship (28 U.S.C. § 1332), as the amount in controversy, exclusive of interest and costs, exceeds $75,000 and the parties are citizens of different states; and declaratory judgment (28 U.S.C. § 2201).

### 3. Legal Issues

Plaintiff seeks rescission of its policy on the basis that Defendant's failure to disclose facts that could give rise to a claim against it concealed Defendant's exposure to significant liability to third parties. Defendant's misrepresentations and concealments in the application are material to Plaintiff's decision to issue its policy; Plaintiff would not have issued the policy, or would have issued it subject to materially different terms and conditions, had Plaintiff known of Defendant's significant civil liability. Plaintiff seeks an order rescinding the Western World policy issued to Defendant so that it is null and void *ab initio.*

Plaintiff also seeks a judicial declaration that Plaintiff does not owe a duty to defend or indemnify Defendant with respect to the Hudson Action and Pole/McCann Claims based on coverage defenses under the Western World policy and California law:

- The Western World policy contains a "prior knowledge" exclusion that bars coverage because prior to the inception of the Western World policy, Defendant knew Hudson, Pole and McCann had been whistleblowers who provided information to assist the federal criminal investigation.
- The Western World policy contains an "interrelated claims" exclusion which bars coverage for interrelated claims first made prior to the inception of the Western World policy. The federal investigation, including the FBI raid, federal grand jury investigation and investigation by United States Attorneys arise from the same facts, circumstances, situations, events, transactions, cause or series of causally or logically connected facts, situations, events, transactions or causes as the Hudson Action and Pole/McCann Claims. The federal action, which is interrelated as a matter of law with the Hudson Action and Pole/McCann Claims, commenced as of August 2013, more than five months prior to the inception date of the Western World policy.

**4.     Parties, Evidence, etc.**

The parties have not completed discovery, and therefore reserve the right to rely upon documents or witnesses in addition to those identified below.

*Plaintiff:*

Key documents:  Western World Policy No. PRL8000034, including application; the Complaint in the <u>Hudson</u> Action; the claim notices in the <u>Pole/McCann</u> Claims; documents filed in the <u>Hudson</u> Action; documents pertaining to the federal investigation of Defendant, including deposition subpoenas, charging documents transcripts and notices.

Key witnesses:  underlying plaintiff Gregory Hudson; underlying claimants Beblen Pole and Lisa McCann; Defendant's President, Todd McCann; federal agents not yet identified.

*Defendant:*

Key documents, in addition to those identified by Plaintiff:  employment files for Gregory Hudson, Beblen Pole and Lisa McCann; documents filed and to be filed in the <u>Hudson</u> Action and <u>Pole/McCann</u> Claims.

Witnesses:  Clark Garen; Wendell Hall; Maria Marquez; Tanya Jones; Debra Duckering; James Riddit; Thomas H. Biernet.

The Parties do not anticipate naming any additional parties to this lawsuit, although they respectively reserve the right to add such parties if and when it becomes apparent that they should be included in the action.

Plaintiff Western World Insurance Company is owned by Western World Insurance Group, a privately held company.

**5.     Damages**

*Plaintiff:*  Plaintiff seeks rescission of its policy, including reimbursement of expenses paid to defend Defendant in the <u>Hudson</u> Action and <u>Pole/McCann</u> claims; and a declaratory judgment that it does not owe a duty to defend or indemnify Defendant in the <u>Hudson</u> Action and <u>Pole/McCann</u> Claims.

*Defendant:* Defendant's attorney's fees and costs incurred in <u>Hudson</u> Action and <u>Pole/McCann</u> Claims paid to Wendell Hall; loss of opportunity to settle at mediation; Defendant's expenses to defend itself in the litigation brought by Hudson, Pole; any judgment Defendant may be required to pay for a settlement or a judgment obtained by Hudson, Pole, or McCann; Defendant's reasonable attorney fees incurred in prosecuting this action; general and compensatory damages including, but not limited to, injuries resulting from humiliation, mental anguish, and emotional distress; attorney fees incurred in bringing this action pursuant to California Insurance Code Section 1619; attorney fees incurred in obtaining policy benefits, as provided by law; prejudgment interest; and punitive damages in an amount sufficient to deter and make an example of Plaintiff and Counter-Claim Defendant.

### 6. Insurance

This is a rescission and declaratory judgment insurance coverage action.

### 7. Motions

The parties do not anticipate filing motions to add parties, amend pleadings or transfer venue.

Plaintiff anticipates filing a motion for summary judgment on the legal issues of recision and whether Plaintiff owes a duty to defend or indemnify Defendant with respect to the <u>Hudson</u> Action and <u>Pole/McCann</u> Claims.

Defendant anticipates filing a cross-motion for summary judgment. Defendant may need to file a motion to stay re Fifth Amendment issues. See Section 19.

### 8. Manual for Complex Litigation

The parties do not propose the use of any procedures of the Manual for Complex Litigation for the declaratory judgment insurance coverage action.

### 9. Status of Discovery

The parties have met and conferred concerning discovery pursuant to their obligations under Rule 26. No formal discovery has been completed, but the parties

will complete their respective disclosures under Rule 26 on June 5, 2015 and propose to complete formal discovery pursuant to the discovery plan and timetable discussed below.

**10.  Discovery Plan**

　　**a.  Propose Changes To The Timing, Form Or Requirements For Disclosures Under Rule 26(a) (Fed. R. Civ. P. 26(f)(3)(A))**

The parties conducted their Rule 26(f) conference on May 22, 2015, and will exchange Rule 26(a) disclosures on June 5, 2015. The parties do not propose any changes to the timing, form or requirements for disclosures under Rule 26(a).

　　**b.  Subjects On Which Discovery May Be Needed And Whether Discovery Should Be Conducted In Phases Or Otherwise Be Limited (Fed. R. Civ. P. 26(f)(3)(B))**

No formal discovery has been taken to date. Plaintiff expects limited discovery will be needed as to the nature and scope of the claims in the Hudson Action and Pole/McCann Claims, including authentication of documents.

　　**c.  Changes To Be Made In The Limitations On Discovery Imposed Under The Rules (Fed. R. Civ. P. 26(f)(3)(E))**

The parties do not propose any changes to the limitation on discovery imposed under the Federal Rules of Civil Procedure or the local rules.

　　**d.  Other Orders The Court Should Issue Related To Discovery (Fed. R. Civ. P. 26(f)(3)(F))**

The parties do not propose any other order at this time; however, the parties reserve the right to seek the court's guidance during any stage of the litigation process pursuant to FRCP 16(b) and (c).

A potential witness is Todd Shields, president of Defendant, who signed the application at issue in this litigation. He is also a target of the federal investigation as stated in Section 19 below. It is Defendant's position that if Plaintiff desires to take his deposition, there may be Fifth Amendment issue in connection with such deposition. It is Plaintiff's position that Fifth Amendment issues will not prevent this matter from proceeding.

**11.   Discovery Cut-off**

Per the Schedule of Pretrial and Trial Dates form attached as Exhibit A:

    1/12/2016

**12.   Expert Discovery**

Per the Schedule of Pretrial and Trial Dates form attached as Exhibit A:

Initial disclosure:   12/7/2015

Rebuttal disclosure:   1/4/2016

Cut-Off:   2/9/2016

**13.   Dispositive Motions**

Plaintiff will file a motion for summary judgment for rescission and a determination that it owes no duty to defend or indemnify Defendant with respect to the Hudson Action and Pole/McCann Claims based on the coverage defenses outlined above: the "prior knowledge" and "interrelated claims" exclusions, as well as the right to rescind the policy. Defendant anticipates filing a cross-motion.

**14.   Settlement/ADR**

Plaintiff believes this matter is best suited for resolution by dispositive motion.

**15.   Trial Estimate**

Plaintiff requests a trial to the court and estimates two to three days.

Defendant requests a jury trial and estimates six days.

**16.   Trial Counsel**

*Plaintiff:*   James L. Wraith; Selvin Wraith Halman LLP.

*Defendant:*   Clark Garen; Law Offices of Clark Garen.

**17.   Independent Expert or Master**

The parties do not believe this matter requires the services of a master pursuant to Rule 53 or an independent scientific expert.

**18.   Timetable**

Please see the Schedule of Pretrial and Trial Dates form attached as Exhibit A.

**19.   Other Issues**

*Defendant:*  Todd Shields is an indispensable witness for Defendant.  However, Todd Shields has also been identified as a target of the federal investigation which forms the basis of Plaintiff's complaint.  Todd Shields has a Fifth Amendment right not to incriminate himself, which precludes him from being able to provide testimony on behalf of the Defendant to defeat Plaintiff's claim.  Since Todd Shields is the individual who signed the application at issue in this litigation, it is possible that this case cannot proceed to trial until Fifth Amendment issue is resolved.

*Plaintiff:*  this insurance coverage action does not concern facts that may be at issue in the federal investigation of Defendant.  Facts relevant to the insurance coverage issues do not pertain to Defendant's debt collection practices under investigation by the federal government and therefore will not tend to incriminate Mr. Shields.  A blanket claim of privilege is impermissible; the burden will be upon Defendant to identify with specificity the discovery questions that purportedly pose a risk of self-incrimination.  In any event, Mr. Shields' Fifth Amendment rights will not prevent this matter from proceeding.

Dated:  May 26, 2015        SELVIN WRAITH HALMAN LLP

                            By:   /s/ David A. Evans
                                James L. Wraith
                                David A. Evans
                                Attorneys for Plaintiff
                                Western World Insurance Company

Dated:  May 26, 2015        LAW OFFICES OF CLARK GAREN

                            By:   /s/ Clark Garen
                                Clark Garen
                                Rachel Zwernemann
                                Attorneys for Defendant
                                Professional Collection Consultants

172027

| Re: | **Western World Insurance Company v. Professional Collection Consultants** |
|---|---|
| **Court:** | **United States District Court, Central District of California - Western Division** |
| **Action No.** | **2:15-cv-02342 MWF (VBKx)** |

# PROOF OF SERVICE

I declare that I am over the age of 18, am not a party to the above-entitled action, and am an employee of Selvin Wraith Halman LLP whose business address is 505 14th Street, Suite 1200, Oakland, Alameda County, California 94612.

On May 26, 2015, I served the following document(s):

### JOINT RULE 26(F) REPORT

**By ELECTRONIC FILE TRANSFER TO ECF FILE & SERVE:** By transmitting a true copy the document(s) listed above for service on all parties in this case pursuant to applicable statutes, local rules and/or order of this Court.

| | |
|---|---|
| Mr. Clark Garen<br>Law Offices of Clark Garen<br>6700 South Centinela Avenue, Third Floor<br>Culver City, CA  90230<br>Telephone No.:     (310) 391-0800<br>Fax No.:             (310) 636-4771<br>Email:  clarkgaren@msn.com | Attorneys for Defendant and Counterclaimant:<br>PROFESSIONAL COLLECTION CONSULTANTS |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:  May 26, 2015

/s/ Laura L. Sanchez
Laura L. Sanchez

1

Case No.: 2:15-cv-02342 MWF (VBKx)