EXHIBIT "B"

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PROFESSIONAL COLLECTION CONSULTANTS, Inc.; THE BEST
SERVICE COMPANY, a corporation, and Does 1-10, inclusive,

**FILED**
Superior Court of California
County of Los Angeles

**FEB 1 1 2016**

Sherri R. Carter, Executive Officer/Clerk
By _M. Soto_, Deputy
          Moses Soto

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BEBLEN ANN POLE

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|
| Los Angeles County Superior Court, Central District,<br>111 N. Hill Street, Los Angeles, CA 90012 | BC 6 1 0 1 8 0 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Mark Allen Kleiman, 2907 Stanford Avenue, Venice, CA  90292; 310-306-8094

| DATE: **FEB 1 1 2016**<br>*(Fecha)* | SHERRI R. CARTER Clerk, by _M. Soto_ M. Soto , Deputy<br>*(Secretario)*                *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

A6037     90230

1  | Mark Allen Kleiman [115919]
2  | Pooja Rajaram [241777]
   | 2907 Stanford Avenue
3  | Venice, CA 90292
   | Telephone:  (310) 306-8094
4  | Facsimile:  (310) 306-8491
   | mkleiman@quitam.org
5  | prajaram@quitam.org

**FILED**
Superior Court of California
County of Los Angeles

**FEB 1 1 2016**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
      Moses Soto

6  | Attorneys for Plaintiff
   | BEBLEN ANN POLE

D-30
Scheper

8  | ## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9  | ## COUNTY OF LOS ANGELES

11 | BEBLEN ANN POLE;
   |
12 |                     Plaintiff,
13 | v.
   |
14 | PROFESSIONAL COLLECTION
   | CONSULTANTS, Inc.; THE BEST
15 | SERVICE COMPANY, a corporation, and
   | Does 1-10, inclusive,
16 |                     Defendants.

Case No.: **BC 6 1 0 1 8 0**

**COMPLAINT FOR DAMAGES:**

1. Wrongful Termination in Violation of Public Policy;
2. Retaliation in Violation of Labor Code § 1102.5;
3. FEHA Race Discrimination (Govt. Code § 12900, *et seq.*)
4. FEHA Race Harassment (Cal. Govt. Code § 12900, *et seq.*)
5. FEHA Retaliation (Got. Code § 12940(h))
6. Defamation;
7. Intentional Infliction of Emotional Distress

Plaintiff BEBLEN ANN POLE ("Plaintiff" or "Beblen" or "Pole"), alleges as follows:

## NATURE OF THE ACTION

1. This is a wrongful termination and employment law-related action.

2. Plaintiff worked for a debt collection agency.  The agency illegally gathered confidential information about the debtors which it then used to add pressure to its debt collection efforts.

//

**1**

COMPLAINT FOR DAMAGES

3.    Plaintiff seeks, among other things, damages from her former employer for actions taken against her in retaliation for her resisting efforts to suppress employees' complaints about the illegal activity engaged in by the employer, to wit, by the employer's accessing social security numbers of debtors and distributing the numbers to private individuals/employees, referred to as "Sources" in banks and Government institutions in attempts to collect debts, illegally acquiring and distributing personal information regarding debtors that was not readily available to the public.

4.    Plaintiff also seeks damages from her former employer for its acts of discrimination, harassment, and retaliation, including but not limited to that based on Plaintiff's race as an African-American.

5.    Plaintiff also seeks damages for defamation.

## GENERAL ALLEGATIONS

6.    Plaintiff BEBLEN ANN POLE is an African-American who at all relevant times worked in the County of Los Angeles, California.

7.    Defendant PROFESSIONAL COLLECTION CONSULTANTS, Inc. and THE BEST SERVICE COMPANY ("PCC" or "Defendant PCC") is a corporation that owns and operates a collection agency, located at 6700 Centinela Boulevard, 3rd Floor, in Culver City, California.

8.    All acts complained of herein occurred in the County of Los Angeles, California.

9.    The true names and capacities, whether individual, corporate, associate or otherwise of Defendants named herein as DOES 1 through 10, are unknown to Plaintiff at this time.  Plaintiff therefore sues said Defendants by such fictitious names pursuant to section 474 of the California Code of Civil Procedure.  Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of DOES 1 through 10 when their names are ascertained.  Plaintiff is informed and believes, and based thereon alleges, that each of

//

2

COMPLAINT FOR DAMAGES

1  the DOE Defendants is in some manger liable to Plaintiff for the events and actions alleged

2  herein.

3       10.    All named Defendants, and DOES 1 through 10 will be collectively referred

4  to as "Defendants."

5       11.    All Defendants named herein were and are responsible for the illegal acts

6  enumerated herein.

7       12.    Plaintiff is informed and believes, and based thereon alleges, that at all times,

8  each Defendant was acting as an agent for each of the other Defendants and each were co-

9  conspirators with respect to the acts and the wrongful conduct alleged herein so that each is

10  responsible for the acts of the other in connection with the conspiracy in such wrongful acts

11  in connection with the other Defendants.

12

13                          **JURISDICTION AND VENUE**

14       13.    Pursuant to Article VI, §10 of the California Constitution, subject matter

15  jurisdiction is proper in the Superior Court of California, County of Los Angeles, State of

16  California.

17       14.    Pursuant to California Code of Civil Procedure §395 *et seq.*, venue is proper

18  in the Superior Court of California for the County of Los Angeles, State of California,

19  because this is where the Plaintiff was employed, where Defendants were housed and where

20  the wrongful misconduct alleged herein occurred.

21

22                    **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

23       15.    Plaintiff has exhausted all applicable administrative remedies.   On February

24  13,2015 an Administrative Complaint was filed on behalf of BEBLEN ANN POLE with the

25  California Department of Fair Employment and Housing ("DFEH") as to all named

26  Defendants.  A Right to Sue notice was issued.

27  //

28  //

                                   3

                     COMPLAINT FOR DAMAGES

## FACTS

16.    Pole was a Collector for The Best Service Company (TBSC) for over six years as a top-earning collector. During that time, her performance was of sufficient quality to meet continued employment without disciplinary actions of any kind involving insubordination.

17.    In early 2013, TBSC was sold to PCC. During the sale, PCC President Todd Shields and her attorney interviewed Pole and decided to retain her. Pole was one of only two African-American debt collectors from TBSC retained by PCC. Pole started working for PCC on March 1, 2013.

18.    Tanya Jones was the PCC Collection Manager and Pole's direct supervisor. Jones gave other non-black employees more leads than Pole. They were allowed to work off the clock, work short hours and get paid full salary, and accrue vacation differently. As a result, Pole had a hard time making her goals, constantly worried about losing her job even though she was a very productive employee.

19.    Jones frequently told Pole she wasn't making enough out-bound calls and accused Pole of falsifying calls to make her statistics look better. Despite the conditions, Pole always met her performance goals.

20.    In addition to the racial discrimination, Pole could tell immediately that PCC did not conduct business as ethically as TBSC.

21.    On August 27, 2013, the FBI raided the premises. Pole was concerned about PCC's illegal activities and refused to cooperate with PCC's efforts to suppress employees' criticism of these activities when ordered to do so by Jones. Pole complained to Jones without result. Pole then complained to Human Resources. As a result, PCC put pressure on Pole to get her to quit.

22.    On Thursday, February 13, 2014, Beblen printed system-generated letters to send out on her accounts. Assistant Manager Joe Perez told her not to send out the letters because the printer failed to print the legally required notices on the backs of these letters. Perez then put the letters on Beblen's desk on top of a stack of out-going notices.

4

COMPLAINT FOR DAMAGES

23.   On Monday, February 17, 2014  Beblen mistakenly mailed the letters with all out-going mail. On Tuesday, February 18, 2014, Perez called Beblen into her office. Jones was there and said, "Why don't *you people* ever do what you're told to do.?" Beblen complained and she was fired that afternoon.

24.   PCC said it terminated Beblen because she was incompetent, inefficient, and insubordinate; she refused to obey directions of supervisors; she used offensive or abusive conduct or language towards other employees or the public; she engaged in conduct or behavior detrimental or damaging to the company; she engaged in deliberate sabotage or acts of malicious mischief; and she willfully or persistently violated state and/or Federal Fair Debt Collection Practices Act, the Rules and Regulations of the State, and the California Fair Debt Collection Practices Act.

25.   Defamatory statements were made, and / or were republished to people other than Beblen, who had no need or desire to know, which included agents and employees of PCC, and others who reasonably understood that the statement(s) were about Beblen, her professional character, her personal and professional reputation, and/or her standing in her profession. The defamatory statements were understood as assertions of fact, not of opinion, and none of the statements referenced are true. Defendants' publications were negligently, recklessly, intentionally published in a manner equaling malice and abuse of any alleged conditional privilege since the publications were made with hatred, ill will, and intent to vex, harass, annoy, and injure Beblen.

26.   Other employees heard it or inquired about it, causing them to be repeated and republished again.

27.   Each time Beblen complained about these accusations to others, they were republished again.

//

//

//

//

5

COMPLAINT FOR DAMAGES

RJN - EXHIBIT B
Page 000026

## FIRST CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

28.     Plaintiff re-alleges and incorporates herein by this reference the allegations in Paragraphs 1 through 27, inclusive, as though set forth therein.

29.     Jurisdiction is invoked in this court pursuant to the California Supreme Court case of *Tameny v. Atlantic Richfield Company* (1980) 27 Cal.3d 167.

30.     Under California law, there is a fundamental and well-established public policy that there should not be discrimination against employees based on any of the protected characteristics set forth herein.   Said public policy is embodied in the provisions of California Government Code Section 12900 *et seq.*, including Sections 12940(a) 12941 and 12921(a).  A common law right of action was recognized by the California Supreme Court case of *Stevenson v. Superior Court* (1997) 16 Cal.4th 880, 897.

31.     Plaintiff worked for Defendant PCC, specifically from March 1, 2013 through February 18, 2014, Plaintiff is informed and believes and based thereon alleges that Plaintiff suffered discrimination, harassment, and retaliation on account of her race and her refusal to participate in PCC's efforts to suppress employees' discussion of their companies' illegal activities, all in violation of the public policy of the State of California, as expressed in provisions of *Government Code* §12940, *et seq* and *Labor Code* §1102.5.

32.     Plaintiff is informed and believes and based thereon alleges that Defendant PCC fired Plaintiff because of the protected characteristics set forth herein above and because Plaintiff refusal to participate in PCC's efforts to suppress employees' discussion of their companies' illegal activities.

33.     Under California law, there is a fundamental and well-established public policy that there should not be discrimination or retaliation against workers for having opposed employment practices made unlawful pursuant to the California Fair Employment and Housing Act ["FEHA"], i.e., Cal.Gov. Code §§12900, 12921, 12926, 12940 and 12965, specifically §12940(h).

//

6

COMPLAINT FOR DAMAGES

RJN - EXHIBIT B
Page 000027

34.    Plaintiff opposed practices that she reasonable believed to be made unlawful under FEHA or other statutes that prohibit discrimination and harassment in employment.

35.    Under California law, there is a fundamental and well-established public policy that it is an unlawful employment practice to fail to take all reasonable steps to prevent employment discrimination and harassment on the basis of protected characteristics. Said public policy is embodied in the provisions of Cal. Govt. Code §12940(k).

36.    Defendants have not taken the steps necessary to prevent discrimination and harassment on the basis of the protected characteristics set forth above.  As a result of this failure, discriminatory animus has been given full rein in the Defendants' work place, causing damage to this Plaintiff.

37.    PCC has violated California Government Sections 12940, et.seq. which imposes an affirmative duty on employers to correct any alleged discrimination or harassment and to take all reasonable steps to prevent discrimination and harassment from occurring.

38.    Defendants' discharge of Plaintiff violated the public policy of the State of California, as expressed in provisions of Labor Code §1102.5, subdivisions (a) and (b), which prohibit discrimination, retaliation and the termination of an employee's employment because of her or her reports to a government agency or officials of violations of state or federal law, and which more specifically forbids retaliation in the workplace based on "whistleblowing" or internal or external complaints of illegal activity, as in this case. Here, PCC clearly failed to perform its duties to administer, follow and apply all State and local laws, procedures and regulation.

39.    Plaintiff is informed and believes and thereon alleges that this cause of action is not preempted by the California Workers' Compensation Act on the grounds that violation of the above public policies is not an accepted risk of employment.

40.    As a direct, foreseeable, and proximate result of Defendants' wrongful termination of Plaintiff in violation of the public policy of the State of California, Plaintiff has sustained damages in the form of lost and continued loss of income and benefits, and has

7

COMPLAINT FOR DAMAGES

1   suffered and continues to suffer humiliation, embarrassment, mental and emotional distress,

2   and discomfort all to Plaintiff's damage, the precise amount of which will be proven at trial.

3       41.     Because the acts taken toward Plaintiff was carried out by managerial

4   employees acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner

5   in order to injure and damage Plaintiff, Plaintiff requests the assessment of punitive damages

6   against Defendant in an amount appropriate to punish and make an example of Defendant

7   Employer PCC.

8       WHEREFORE, Plaintiff prays for judgment as more fully set forth herein below.

9

10                          **SECOND CAUSE OF ACTION**

11                    **(Illegal Prohibition of Reporting Illegal Activity to**

12                    **Governmental Authorities in Violation of California**

13                        **Labor Code §1102.5, Subdivision (a))**

14      42.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs

15   1through 41, inclusive, as though set forth herein.

16      43.     Labor Code §1102.5, subdivision (a), prohibits employers from making,

17   adopting, or enforcing rules, regulations, or policies preventing employees from disclosing

18   information to governmental agencies or authorities where the employee has reasonable

19   cause to believe the information and discloses it as a violation or noncompliance of state or

20   federal rule or regulation.

21      44.     Based on the above-alleged acts, Defendants violated Labor Code §1102.5,

22   subdivision (a), by terminating Plaintiff's employment for refusal to participate in PCC's

23   efforts to suppress employees' discussion of their companies' illegal activities.

24      45.     California Labor Code Section §1102.5 prohibits any employer from taking

25   any action against any employee out of fear that the employee will report any violation of the

26   Labor Code to any state or federal government agency.

27      46.     Plaintiff is informed and believes that Defendants believed Plaintiff would

28   further report to a government agency Defendants' violations of state or federal statute, or

                                        8

                              COMPLAINT FOR DAMAGES

1  violations or noncompliance with a state or federal rule or regulation.  By taking each action

2  alleged herein, Defendants have violated Labor Code Section 1102.5.

3      47.    Pursuant to Labor Code Section 1102.5, once Plaintiff establishes that her

4  termination was based on her perceived activities pursuant to Labor Code 1102.5,

5  Defendants shall have the burden of proof to demonstrate by clear and convincing evidence

6  that the termination would have occurred for legitimate, independent reasons even if the

7  employee has not engaged in activities protected by Section 1102.5.

8      48.    In terminating Plaintiff for these reasons and under the circumstances alleged

9  herein, Defendant PCC violated the fundamental public policies embodies in the law and

10  regulations identified here.

11      49.    As a proximate result of Defendants' actions, Plaintiff has suffered and

12  continues to suffer damages in an amount according to proof.

13      50.    As a proximate result of Defendants' actions, and in addition to other

14  damages, Plaintiff is entitled to penalties.

15      51.    Defendants' actions were willful, malicious, fraudulent and oppressive, and

16  were committed with the wrongful intent to injure Plaintiff and in conscious disregard of

17  Plaintiff's rights, which entitles Plaintiff to exemplary damages.

18      52.    In bring this action, Plaintiff has been required to retain the services of

19  counsel.  Pursuant to Cal. Labor Code Section 218.5, she is  entitled to an award of

20  attorneys' fees for Defendants' violations of the above Labor Code provisions.

21      WHEREFORE, Plaintiff prays for judgment as more fully set forth herein below.

22

23  **THIRD CAUSE OF ACTION**

24  **(Discrimination Based on Race in Violation of FEHA,**

25  **Cal. Govt. Code Sections 12900, *et seq.*)**

26      53.    Plaintiff incorporates by reference all of the facts set forth in paragraphs

27  1through 52, inclusive, with the same force and effect as if fully pleaded at length herein.

28  //

9

COMPLAINT FOR DAMAGES

02/11/2016

54.   Jurisdiction in this court is invoked pursuant to California Government Code §12900, 12921, 12926, 12940 and 12965, specifically 12940(a) [Collectively referred to as "FEHA"].

55.   Defendants are not exempted from the statutes cited in this paragraph by any local state or federal laws.

56.   Defendants regularly employ more than five employees, and are subject to suit under FEHA for conduct prohibited thereby.

57.   Plaintiff is a member of a class protected by FEHA.  She is African American.

58.   At all times herein relevant, Plaintiff's job performance was always satisfactory.

59.   Defendants discriminated against Plaintiff in the manner described herein-above, up to and including firing her because of her race.  Plaintiff was referred to as one of "you people".

60.   As a result of the aforesaid discriminatory acts, Defendants have violated California Government Code Sections 12940 (a).

61.   As a result of the aforesaid discriminatory acts, Plaintiff has suffered and is continuing to suffer a loss of wages/salary, benefits and other employee compensation in an amount which is currently unascertained.  Plaintiff faces a substantial diminution of her future earning capacity in an amount which is currently un-ascertained.  Plaintiff will request leave of the court to amend this Complaint to state the amount of all such damages when they have been ascertained or upon proof at the time of trial.

62.   As a result of the aforesaid acts of discrimination, Plaintiff has been held up to great derision and embarrassment with fellow workers, friends, members of the community and family, and has continued to suffer emotional distress.  Plaintiff is informed and believes that the defendant and its management acted deliberately for the purposes of injuring her.

63.   Defendant PCC, by and through its managing agents and employees, further acted intentionally and unreasonable because they know and/or should have known that their

//

10

COMPLAINT FOR DAMAGES

RJN - EXHIBIT B
Page 000031

1   conduct was likely to result in additional, severe mental distress.  Plaintiff therefore seeks

2   damages for such emotional distress in an amount to be proven at time of trial.

3         64.   Plaintiff is informed and believes and thereon alleges that this cause of action

4   is not preempted by the California Workers' Compensation Act on the grounds that

5   employment discrimination is not a risk or condition of her employment.

6         65.   Because of the wrongful acts of Defendants as herein above alleged, Plaintiff

7   has been and/or will in the future be required to employ physicians and mental health care

8   professionals to examine, treat and care for her and will incur additional medical expenses in

9   an amount to be proven at the time of trial.

10        66.   In doing the acts set forth above, Defendant PCC and its managing agents

11  acted as herein alleged with a conscious disregard of Plaintiff's right to be free from

12  discrimination based on her race.  Defendant acted, as alleged, with the malicious intention of

13  depriving Plaintiff of employment opportunities and benefits that must be accorded to all

14  employees regardless of race.  Defendant has retained and coddled employees and managers

15  known by it to be vicious in that they are prejudiced against African Americans.  This

16  conduct by Defendants was, and is, despicable, cruel and oppressive.  The Plaintiff is

17  therefore entitled to an award of punitive damages in an amount to be proven at trial.

18        67.   In bringing this action, Plaintiff has been required to retain the services of

19  counsel.  Pursuant to California Government Code §12965(b), she is entitled to and hereby

20  requests an award of attorney fees and costs of suit.

21        WHEREFORE, Plaintiff prays for judgment as more fully set forth herein below.

22

23                 **FOURTH CAUSE OF ACTION**

24      **(Harassment in Violation of FEHA, Cal. Govt. Code Sections 12900, et seq.)**

25        68.   Plaintiff realleges and incorporates paragraphs 1 through 67, inclusive, with

26  the same force and effect as if fully pleaded at length herein.

27  //

28  //

11

---

COMPLAINT FOR DAMAGES

RJN - EXHIBIT B
Page 000032

69.     Jurisdiction in this court is invoked pursuant to California Government Code §§12900, 12921, 12926, 12940 and 12965, specifically 12940(j) [collective referred to as "FEHA"].

70.     Defendants are entities and/or individuals with an obligation under the law to assure an environment in which employees can work freely without fear of harassment on the basis of any or their protected characteristics as expressed in the provisions of Government Code §12940, et seq.

71.     Defendants have allowed, condoned, enabled and refused to prevent the harassment of Plaintiff by its managerial officials and by its non-managerial employees.  Said harassment includes, but is not limited to, the following:

A.      Defendants at all times creating and condoning a hostile work environment for Plaintiff;

B.      Disrespect toward plaintiff; and

C.      Toleration and the condoning of disrespect toward Plaintiff.

72.     The harassment described in paragraph 18 and otherwise described hereinabove was and is so severe and pervasive that the working conditions of Plaintiff were altered into a hostile work environment.

73.     Repeatedly and persistently at all times relevant herein, Plaintiff complained to the Human Resources Manager of the harassment described in paragraph 18 and otherwise described hereinabove, but such did not cease.

74.     As a result of the aforesaid acts of Defendants, Plaintiff has suffered, and continues to suffer, monetary damages in an amount which is currently unascertained. Plaintiff will therefore request leave of the court to amend this complaint to state the amount of all such damage s when they have been ascertained or upon proof at the time of trial.

75.     As a result of the aforesaid harassment because of her race, Plaintiff has been held up to great derision and embarrassment with her fellow workers, customers, friends, members of the community and families, and has suffered emotional distress because Defendants demonstrated to them that they would not recognize nor accept her as an

12

COMPLAINT FOR DAMAGES

RJN - EXHIBIT B
Page 000033

1  employee solely because of her race.  Plaintiff is informed and believes that Defendant PCC

2  and its management acted deliberately for the purposes on injuring her as alleged above.

3  Defendant PCC, by and thorough its managing agents and employees, further acted

4  intentionally and unreasonably because they knew and/or should have known that their

5  conduct was likely to result in severe mental distress.  Plaintiff therefore seeks damages for

6  such emotional distress in an amount to be proven at time of trial.

7      76.    Plaintiff is informed and believes and thereon alleges that this cause of action

8  is not preempted by the California Workers' Compensation act on the grounds that

9  harassment is not a risk or condition of her employment.

10      77.    Because of the wrongful acts of Defendants as herein above alleged, Plaintiff

11  has been and will in the future be required to employ physicians and surgeons to examine,

12  treat and care for them and will incur additional medical expenses in an amount to be proven

13  at the time of trial.

14      78    In bringing this action, Plaintiff has been required to retain the services of

15  counsel.  Pursuant to Government code §12965(b), she is entitled to an award of attorney

16  fees.

17      WHEREFORE, Plaintiff prays for judgment as more fully set forth herein below.

18

19              **FIFTH CAUSE OF ACTION**

20      **(Retaliation In Violation of the Fair Employment And Housing Act,**

21              **Government Code § 12940(h))**

22      79.    Plaintiff incorporates by reference all of the facts set forth in paragraphs 1

23  through 78, inclusive, with the same force and effect as if fully pleaded at length herein.

24      80.    Jurisdiction in this court is invoked pursuant to California Government Code

25  §§12900, 12921, 12926, 12940 and 12965, specifically 12940(h) [Collectively referred to as

26  "FEHA"].

27      81.    Defendants are not exempted from the statutes cited in this paragraph by any

28  local, state or federal laws.

13

COMPLAINT FOR DAMAGES

82.     Defendant PCC regularly employs more than five employees, and is subject to suit under FEHA for conduct prohibited thereby.

83.     At all times herein relevant, Plaintiff's job performance was always satisfactory.

84.     Plaintiff has engaged in activity protected by FEHA at Cal. Govt. Code 12940(h) by repeatedly and persistently opposing acts by Defendant PCC that violate the FEHA.

85.     Defendant PCC terminated the Plaintiff's employment in retaliation for the protected activities described above.

86.     As a result of Defendant PCC's retaliation, Plaintiff has suffered, and continues to suffer, a loss of wages/salary, benefits, and other forms of compensation in an amount which is currently unascertained.  As a result of Defendant PCC's retaliation against Plaintiff, Plaintiff faces a substantial diminution of her future earning capacity in an amount which is currently unascertained.  Plaintiff therefore requests leave of the Court to amend this Complaint to state the amount of all such damages when they have been ascertained or upon proof at the time of trial.

87.     As a result of Defendant PCC's retaliation, Plaintiff has been held up to great derision and embarrassment with her fellow workers, friends, customers, members of the community, and family, and has suffered emotional distress because Defendant PCC has demonstrated that they would neither recognize nor accept her as an employee solely because he opposed an unlawful employment practice.  Plaintiff is informed and believes that Defendants and their management acted deliberately for the purposes of injuring her as alleged above.  Defendant PCC, by and through its managing agents and employees, further acted intentionally and unreasonably because it knew or should have known that their conduct was likely to result in severe mental distress.  Plaintiff therefore seeks damages for such emotional distress in an amount to be proven at time of trial.

//

//

14

COMPLAINT FOR DAMAGES

RJN - EXHIBIT B
Page 000035

88.   · This cause of action is not preempted by the California Workers' Compensation Act on the grounds that retaliation for opposing unlawful employment practices is not a risk or condition of employment.

89.   Because of Defendant PCC's wrongful acts as alleged herein, Plaintiff has been, and will in the future be, required to employ physicians and surgeons to examine, treat, and care for her, and will incur additional medical expenses in an amount to be proven at the time of trial.

90.   In doing the acts as described above, Defendant PCC knowingly and intentionally failed to act to prevent discrimination in contemptuous disregard of its obligations to its employees, notwithstanding the fact that it had been put on notice of the damage this was causing Plaintiff.  In addition, PCC's managing agents knowingly retained, protected, and coddled vicious employees, including managers, known to be prejudiced against employees who opposed unlawful employment practices.  This conduct by Defendant PCC was, and is, despicable, cruel, and oppressive.  Plaintiff is therefore entitled to an award of punitive damages in an amount to be proven at trial.

91.   In bringing this action, Plaintiff has been required to retain the services of counsel.  Pursuant to Government Code § 12965(b), he is entitled to an award of attorney fees.

WHEREFORE, Plaintiff prays for judgment as more fully set forth herein below.

## SIXTH CAUSE OF ACTION
### (Defamation)

92.   Plaintiff incorporates by reference all of the facts set forth in paragraphs 1 through 91, inclusive, with the same force and effect as if fully pleaded at length herein.

93.   Plaintiff is informed and believes, and based thereon, alleges that Defendants made false and defamatory accusations concerning her, to wit, that her employment was terminated for being incompetent, inefficient, and insubordinate; for refusing to obey directions of supervisors; for using offensive or abusive conduct or language towards other

15

COMPLAINT FOR DAMAGES

1   employees or the public; for engaging ed in conduct or behavior detrimental or damaging to
2   the company; for engaging in deliberate sabotage or acts of malicious mischief; for willfully
3   or persistently violated state and/or Federal Fair Debt Collection Practices Act, the Rules and
4   Regulations of the State, and the California Fair Debt Collection Practices Act. These
5   communications of false statements were injurious to Plaintiff's reputation.

6       94.    Plaintiff is informed and believes, and based thereon alleges, that the above
7   referenced statements were communicated by Defendants to various entities and persons who
8   had and have no legitimate business need to know, including employees of Defendants and
9   those outside the employ of Defendants.

10       95.    All of the above statements were and are defamatory per se.

11       96.    Plaintiff is informed and believes that the false publications were published
12   and foreseeably republished to first cause, and then justify Plaintiff's wrongful and illegal
13   termination.

14       97.    PCC is responsible for each and every foreseeable republication.

15       98.    The above conduct by Defendants amounts to common law and statutory
16   defamation and specifically constitutes slander in violation of Cal. Civ. Code §§45 and
17   46(3(5).

18       99.    All of the above statements were false and were understood as assertions of
19   fact, not opinion.

20       100.    Each of these false defamatory per se publications (as set forth above) were
21   negligently, recklessly, and intentionally published in a manner equaling malice and abuse of
22   any alleged conditional privilege (which Plaintiff denies existed), since the publications, and
23   each of them, were made with hatred, ill will, and an intent to vex, harass, annoy, and injure
24   Plaintiff in order to justify the illegal and cruel actions of Defendants, to cause further
25   damage to Plaintiff's professional and personal reputation, to cause her to be fired, to justify
26   their firing, and to retaliate against Plaintiff for prior ill will, rivalry, and disputes in
27   retaliation for her whistleblowing complaints and objections to discriminatory and illegal
28   conduct on the part of Defendants.

16

COMPLAINT FOR DAMAGES

1      101.   As a direct, foreseeable and proximate result of Defendants' false and

2  defamatory statements, Plaintiff has suffered and continues to suffer losses in earnings and

3  job benefits and other monetary damages. Plaintiff claims such sums as damages, in an

4  amount to be proven at trial, together with interest thereon pursuant to statute.

5      102.   As a further direct, foreseeable and proximate result of Defendants' false and

6  defamatory statements described above, Plaintiff has suffered severe emotional distress and

7  mental anguish to her damage in an amount to be proven at the time of trial.

8      103.   Defendants committed the defamatory and slanderous acts described above

9  oppressively, fraudulently and maliciously, entitling Plaintiff to an award of punitive

10  damages against Defendants in an amount appropriate to punish and make an example of

11  Defendants, together with interest thereon pursuant to statute or other provisions of law.

12      WHEREFORE, Plaintiff prays for judgment as more fully set forth herein below.

13

14               **SEVENTH CAUSE OF ACTION**

15          **(Intentional Infliction of Emotional Distress)**

16      104.   Plaintiff incorporates by reference all of the facts set forth in paragraphs 1

17  through 103, inclusive, with the same force and effect as if fully pleaded at length herein.

18      105.   This is an action for damages pursuant to the common law of the State of

19  California as mandated by the California Supreme Court in the decision of *Rojo v. Kliger*,

20  (1990) 52 Cal. 3d 65.

21      106.   The acts of the managers of Defendant PCC, as described in detail herein

22  above, were extreme and outrageous. This includes, but is not limited to, the following:

23  abruptly and wrongfully firing Plaintiff for refusing to cooperate with PCC's efforts to

24  suppress it's employees' discussion of PCC's illegal activity of PCC in violation of federal

25  and state laws and regulations; blatant accusations directed at Plaintiff defaming Plaintiff;

26  blatant accusations regularly directed at Plaintiff causing Plaintiff to be harassed and

27  discriminated against and ultimately terminated based on protected characteristics of being

28  African-American; complaining about the harassment and discrimination by PCC based on

17

---

COMPLAINT FOR DAMAGES

1  her protected characteristics; and daring to attempt to hold Defendants accountable for their

2  illegal activity.

3        107.    Such extreme and outrageous acts should not be tolerated in a civil society and

4  did in fact cause Plaintiff severe emotional distress.

5        108.    Emotional distress damages are presumed where, as here, defamation per se is

6  alleged. Plaintiff is informed and believes and thereon alleges that this cause of action is not

7  preempted by the California Workers' Compensation Act on the grounds that unlawful

8  employment discrimination, harassment and/or retaliation are not risks or conditions of

9  employment.

10       109.    As a proximate result of such extreme and outrageous acts, Plaintiff has

11  suffered emotional distress, humiliation and embarrassment. Plaintiff is informed and

12  believes that the Defendants acted deliberately for the purpose of causing her to suffer

13  emotional distress. Defendants further acted intentionally and unreasonably because they

14  knew and/or should have known that their conduct was likely to result in and exacerbate

15  severe mental distress. Plaintiff therefore seeks damages for such emotional distress in an

16  amount to be proven at the time of trial.

17       110.    Defendants committed the acts alleged herein maliciously, fraudulently and

18  oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper

19  and evil motive amounting to malice and in conscious disregard of Plaintiff's rights. Plaintiff

20  is therefore entitled to recover punitive damages in an amount to be proven at trial.

21      WHEREFORE, Plaintiff prays for judgment as more fully set forth herein below.

22

23                     **PRAYER FOR RELIEF**

24  WHEREFORE, Plaintiff prays for relief as follows:

25  1.     For compensatory damages;

26  2.     For monetary damages to compensate for the emotional distress suffered by

27          Plaintiff;

28

18

---

COMPLAINT FOR DAMAGES

RJN - EXHIBIT B
Page 000039

3.   For punitive damages in an amount appropriate to punish Defendants for their wrongful and malicious conduct and to set an example for others;

4.   For prejudgment and post-judgment interest accrued to date;

5.   For costs of suit incurred herein;

6.   For attorneys' fees and costs pursuant to California Government Code §12965(b), California Labor Code Section 218.5, other provisions of law; and

7.   For such other relief that this Court may deem just and proper.

Dated: February 11, 2016          LAW OFFICES OF MARK ALLEN KLEIMAN

By: _____

        MARK ALLEN KLEIMAN
        POOJA RAJARAM

        Attorneys for Plaintiff
        BEBLEN ANN POLE

19

COMPLAINT FOR DAMAGES

CM-010

| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* | **FOR COURT USE ONLY** |
|---|---|
| Mark Allen Kleiman (SBN 115919)<br>2907 Stanford Avenue<br>Venice, CA 90292 | |

TELEPHONE NO.: 310-306-8094    FAX NO.: 310-305-8491

ATTORNEY FOR *(Name)*: Plaintiff, Beblen Ann Pole

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

**FILED**
Superior Court of California
County of Los Angeles

FEB 1 1 2016

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Moses Soto

CASE NAME:
Beblen Ann Pole v. Professional Collection Consultants, Inc., et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [✓] **Unlimited**   [ ] **Limited** | [ ] **Counter**   [ ] **Joinder** | **BC610180** |
| (Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [✓] punitive
4. Number of causes of action *(specify)*: 7 (see attachment)
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 11, 2016

Mark Allen Kleiman
(TYPE OR PRINT NAME)     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex*)
  Other Civil Complaint
    (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

## ATTACHMENT TO CIVIL COVER SHEET

4.   **Causes of Action**

1.   Wrongful Termination in Violation of Public Policy;
2.   Retaliation in Violation of Labor Code § 1102.5;
3.   FEHA Race Discrimination (Govt. Code § 12900, *et seq.*)
4.   FEHA Race Harassment (Cal. Govt. Code § 12900, *et seq.*)
5.   FEHA Retaliation(Got. Code § 12940(h))
6.   Defamation;
7.   Intentional Infliction of Emotional Distress.

| SHORT TITLE: Pole v. Professional Collection Consultants, Inc., et al. | CASE NUMBER: BC 6 1 0 1 8 0 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ✓YES     CLASS ACTION? YES  LIMITED CASE? YES  TIME ESTIMATED FOR TRIAL 14        HOURS/✓DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked.  For any exception to the court location, see Local Rule 2.3.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office
11. Mandatory Filing Location (Hub Case)

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

RJN - EXHIBIT B
Page 000044

| SHORT TITLE: Pole v. Professional Collection Consultants, Inc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

RJN - EXHIBIT B
Page 000045

| SHORT TITLE: Pole v. Professional Collection Consultants; Inc., et al. | | CASE NUMBER |
|---|---|---|

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3 Above |
|---|---|---|
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | | |
| Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| **Miscellaneous Civil Petitions** | | |
| Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev 3/15)  
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.3  
Page 3 of 4

RJN - EXHIBIT B  
Page 000046

| SHORT TITLE: Pole v. Professional Collection Consultants, Inc., et al. | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: 6700 Centinela Ave., 3rd Floor |
|---|---|
| ☐1. ☑2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. ☐11. | |

| CITY: Culver City | STATE: CA | ZIP CODE: 90230 | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk _____ courthouse in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.3, subd.(a).

Dated: February 11, 2016

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/15).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

RJN - EXHIBIT B
Page 000047