*Law Offices of Clark Garen,*
*Attorneys at Law,*
*Clark Garen, California State Bar #50564*
*Rachel Zwernemann, California Bar #286515,*
*Salaried Employees of*
*Professional Collection Consultants*
*and*
*The Best Service Company*
*6700 South Centinela Avenue,*
*Third Floor,*
*Culver City, California 90230*
*Telephone: (310) 391-0800*
*Fax: (310) 636-4771*

January 12, 2015

Mr. Steven N. Joseph,
Second Vice-President, JD,
Western World Insurance Company,
400 Parson's Pond Drive,
Franklin Lakes, New Jersey 07417-2600
Also via fax: (201) 847-7970
VIA FEDERAL EXPRESS

     Re:               PROFESSIONAL COLLECTION
                              CONSULTANTS VS. GREGORY HUDSON.
     CLAIM NUMBER:     114165

Dear Mr. Joseph:

In response to your specific question that was answered on February 4, 2014, approximately 6 months after the visit by the Federal Agents, that question was answered truthfully on February 4, 2014.

The question reads, "None of the individuals to be insured under any Coverage Part (the 'Insured Persons') have a basis to believe that any wrongful act, event, matter, fact, circumstance, situation, or transaction might reasonably be expected to result in or be the basis of a future claim". The correct answer to that question,

1

on February 4, 2014, was NO.

Federal Agents did serve a search warrant on the premises of PCC in September, 2013. Federal Agents then questioned three employees before the grand jury in October, 2013. Federal Agents then set two more appearances for company employees in December, 2013, but canceled and reset these appearances twice in December and January, 2014. By the end of January, 2014, Federal Agents advised the company that the subpoena's for these employees were canceled. This led the company and its employees to believe that the investigation that was initiated by the search warrant was concluded and that the Federal Agents had concluded that neither Professional Collection Consultants or any of its Insured Persons had committed *any* violation of law. Accordingly, on February 4, 2014, when the questionaire was answered, the answering parties had no basis to believe that any wrongful act, event, matter, fact, circumstance, situation, or transaction might reasonably be expected to result in or be the basis of a future claim."

After Mr. Hudson was terminated, which was *after* February 4, 2014, two more witnesses were called before the Grand Jury. However, we believe this was in response to the termination of Mr. Hudson. Since these witnesses concluded their testimony in May, 2014, there has been absolutely no further investigation or actions of any kind pertaining to the investigation.

The service of a search warrant does not mean that there is "a basis to believe that any wrongful act, event, matter, fact, circumstance, situation, or transaction might reasonably be expected to result in or be the basis of a future claim." Professional Collection Consultants and the Insured Persons never believed that there was any violation of law or basis for the investigation. The apparent closure of the investigation without any charges would seem to support the accuracy of this belief.

As you know, the Federal Government does not notify receeipients of search warrants that the investigation has been concluded with no charges being brought. When the Federal Government determines that there has been no violation of law, they quietly close the file and no one hears from them again. Professional Collection Consultants and its insured persons believe that this is what has happened in this instance.

Likewise, Professional Collection Consultants and the Insured Persons had no reason to believe, on February 4, 2014, that there was "a basis to believe that any wrongful act, event, matter, fact, circumstance, situation, or transaction might reasonably be expected to result in or be the basis of a future claim" in connection with the employment of Greg Hudson. Professional Collection Consultants and the Insured Persons were well aware that the initiation of the investigation gave Greg Hudson whistle blower protection. Professional Collection Consultants and the Insured Persons knew that Greg could not be terminated unless he engaged in misconduct that was so blatant that it would be obvious that the termination was not retaliation for his initiation of the Federal Investigation. On February 4, 2014, neither Professional Collection Consultants or any Insured Party believed that Greg Hudson was likely to engage in misconduct that was so blatant that it would be obvious that any subsequent job action was not taken in retaliation. Since, on February 4, 2014, Professional Collection Consultants and the Insured Persons did not believe Greg Hudson would engage in any job action that would overcome his whistle blower protection and provide a basis for termination, they also had no "basis to believe that any wrongful act, event, matter, fact, circumstance, situation, or transaction might reasonably be expected to result in or be the basis of a future claim".

When Greg Hudson stole money from an attorneys trust account with an auto check and then concealed the theft until it was too late to stop the theft transaction internally, Professional Collection Consultants and the Insured Parties determined that Mr. Hudson could and should be terminated for this act alone despite the whistle blower protections afforded to Mr. Hudson. However, neither Professional Collection Consultants or any of the Insured Parties knew on February 4, 2014 that he was going to do engage in this activity which justified his immediate termination.

Please use the foregoing information in evaluating your investigation of this matter.

Very Truly Yours,

LAW OFFICES OF CLARK GAREN

BY

CLARK GAREN

3

TRANSMISSION VERIFICATION REPORT

TIME  : 01/12/2015 15:49
NAME  : PCC
FAX   : 310-636-4770
TEL   :
SER.# : BROA8J758113

| | |
|---|---|
| DATE,TIME | 01/12  15:48 |
| FAX NO./NAME | 912018477970 |
| DURATION | 00:01:32 |
| PAGE(S) | 03 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |