Selvin · Wraith · Halman LLP

DAVID A. EVANS
devans@selvinwraith.com
Direct Dial: (510) 874-1809

June 3, 2015

<u>VIA ELECTRONIC MAIL</u>

Mr. Clark Garen
Law Offices of Clark Garen
6700 South Centinela Avenue, Third Floor
Culver City, CA 90230

> Re: *Hudson v. Professional Collection Consultants, et al.*
> Los Angeles County Superior Court Case No. BC570780
> Claimants: Gregory Hudson, Beblen Pole, Lisa McCann

Dear Mr. Garen:

    We are in receipt of your written request to take over the defense of Professional Collection Consultants ("PCC") in the *Hudson v. Professional Collection Consultants* lawsuit, as well as the claims brought by Beblen Pole and Lisa McCann. For the reasons discussed herein, Western World Insurance Company ("Western World") respectfully declines your request to take over as counsel for PCC in these matters. Western World will continue to defend PCC through Wendell Hall of the Thompson Coe law firm.

    Western World requires counsel assigned to defend its insureds to meet certain minimum qualifications. Thompson Coe has been approved to defend Western World's insureds in employment matters such as the *Hudson* lawsuit and the Pole/McCann claims. In requesting to be defended by counsel of its own choosing, Western World requires PCC's chosen counsel to satisfy minimum requirements of at least five years of civil litigation practice, including substantial defense experience in the subject at issue in the litigation. Your written request to act as PCC's counsel in the *Hudson* lawsuit and Pole/McCann claims does not show that you have the requisite experience in handling wrongful termination and discrimination lawsuits. Western World therefore declines to relinquish defense of these matters to you.

    Moreover, under the circumstances of these claims and your involvement in them, it is inappropriate for you to act as PCC's litigation counsel. In your written request to take over as defense counsel for PCC, you confirm that you were intimately involved in the decisions to terminate employment of Hudson, and expect to be a key witness in that matter. You insisted that Ms. Hall correct written discovery responses in the *Hudson* matter to clarify that you were

Mr. Clark Garen
Re: *Hudson v. Professional Collection Consultants, et al.*
June 3, 2015
Page 2

directly involved in the decision to terminate Hudson. For strategic reasons related to the federal investigation against Todd Shields, you contend it is advantageous for you to be identified as the decision maker in the termination of PCC's former employees. You are also a salaried employee of PCC. It is professionally improper for a lawyer to act as both an advocate and a witness in the same action. *United States v. Johnson*, 664 F.2d 152, 155 (7th Cir. 1981). As an expected witness in the claims against PCC, you put at jeopardy the attorney-client privilege, which is the central duty owed by lawyers to their clients. Cal. Bus. & Prof. Code §6068(e); *Bittaker v. Woodford*, 331 F.3d 715, 721 (9th Cir. 2003). The American Bar Association, under its Model Rules of Professional Responsibility, strongly discourages lawyers from testifying in cases in which they represent a party. See Rule 3.7(a) [except in the event of circumstances not present here, a lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness]. A lawyer should not appear as both an advocate and witness. *United States v. Ewing*, 979 F.2d 1234, 1236 (7th Cir. 1992). For reasons that implicate both the foundational integrity of the judicial system, as well as ethical obligations of attorneys, the Ninth Circuit has stated: "the advocate-witness rule prohibits an attorney from appearing as both a witness and an advocate in the same litigation." *United States v. Prantil*, 764 F.2d 548, 552-553 (9th Cir. 1985).

You are an employee of PCC, you were a key decision-maker in the termination of the PCC employees whose claims are now pending against PCC, and you know and expect that you will be a witness in these matters. In view of these facts, it is inappropriate for you to act as PCC's litigation counsel in these matters. For these additional reasons, Western World respectfully declines your request to take over the defense of PCC in the *Hudson* litigation and Pole/McCann claims.

Western World will continue to defend PCC in the *Hudson* lawsuit and Pole/McCann claims through Wendell Hall of the Thompson Coe law firm, subject to the reservation of rights letters previously issued by Western World to PCC on August 7, 2014, January 9, 2015, and January 28, 2015. Western World does not waive any of the coverage defenses expressed in those letters, and this correspondence shall not be construed to constitute a waiver of any of Western World's rights under its policy issued to PCC.

Very truly yours,

SELVIN WRAITH HALMAN LLP

David A. Evans

DAE/
172796.doc