<table>
<tr><td>Admitted to Practice<br>in<br>California and Texas</td><td>Law Offices of<br><br># CLARK GAREN<br><br>ATTORNEYS AT LAW<br>P.O. BOX 1790, PALM SPRINGS, CALIFORNIA 92263<br>(760) 323-4901, Fax: (760) 288-4080</td><td>Host of<br>Night Bites<br>with<br>CLARK GAREN<br>syndicated Monday - Friday<br>from 11:30 P.M. to<br>12:30 P.M. on<br>TV CHANNEL 4<br>Palm Springs, Ca.</td></tr>
</table>

June 9, 2015

Mr. David A. Evans,
Selvin, Wraith, Halman, LLP,
505 14th Street,
Suite 1200,
Oakland, California 94612
Also Via Fax (510) 465-8976

Re:   Western World Insurance vs.
      Professional Collection Consultants,
      U.S.D.C. Case No. 2:15-cv-02342

Dear Mr. Evans:

Thank you for your letter of June 3, 2015.

In my opinion, the rejection of my offer to take over defense of the Hudson, McCann, and Pole matters is a demonstration of further bad faith on the part of your client. Your stated reasons are not sufficient to justify the rejection of my request.

The qualifications that Western World has established for retained counsel on behalf of its insured's obviously does not apply to this situation because Western World is denying coverage. Even if we assume, for the sake of argument, that retained counsel has more expertise in the field than do I, I am still the best choice to defend this case **because** I am the only attorney who will convey to the Plaintiff's that there is no coverage from Western World.

1

Despite being provided with copies of your client's declaratory relief action, counsel for Pole and McCann have today file mediation briefs seeking patently ridiculous settlement figures. Each brief ends with a reference to *Silberb vs. California Life Insurance Co.*, (1974), 11 Cal. 2d 452 which holds that a carrier who refuses to settle within the policy limits can be held liable for the excess jury verdict. Obviously, counsel for Plaintiff has not received the message that there is likely no coverage.

Keeping retained counsel on this case will insure that it goes to trial, which is not in anyone's best interest. The only possible explanation for this decision is that Western World does not believe it will prevail in its declaratory relief action, and that it has filed this action in bad faith to force its insured to offer to pay sums in excess of its retainage to settle this case. If Western World truly believes it has no liability, my qualifications are an insufficient reason to justify rejection of my request.

Your citations to Federal and ABA rules against an attorney acting both as a witness and an attorney in a matter are a further demonstration of bad faith. It does not matter what the Federal Rules or what the ABA rules are. The only rules that matter are the Rules of the State Bar of California because the Hudson, Pole, and McCann cases are pending in the California State Courts. The rules of the State Bar of California permit me to represent the insured and testify as a witness. Rule 5-210 of the California Rules of Professional Conduct provides as follows:

> "A member shall not act as an advocate before a jury which will hear testimony from the member unless:
>
> (C) The member has the informed, written consent of the client."
>
> *California Rules of Professional Conduct, Rule 5-210*

Since the Hudson, Pole, and McCann cases are pending in the Superior Court of the State of California, the California Rules of Professional Conduct apply to this case. The insured and the shareholders of the insured are more than willing to execute an written consent approved by Western World, but then you and Western World knew that when you wrote your letter dated June 3, 2015.

faith claim. Therefore, if you again reject this claim, please let me know if you are willing to stipulate to allow me to file a supplemental cross-claim to include this additional bad faith action by your client, or if you prefer that I file a Motion.

Very truly yours,

LAW OFFICES OF CLARK GAREN

BY

CLARK GAREN