**EXHIBIT "A"**

1   THOMPSON COE & O'MEARA, LLP
     Wendell F. Hall        (SBN 185387)
2   Fontaine Yuk           (SBN 267973)
     12100 Wilshire Boulevard, Suite 1200
3   Los Angeles, California 90025
     Telephone:      (310) 954-2400
4   Facsimile:      (310) 954-2345

5   Attorneys for Defendant PROFESSIONAL
     COLLECTION CONSULTANTS, INC.

6

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF LOS ANGELES

10

11   GREGORY LORENZO HUDSON              Case No. BC570780

12                 Plaintiff,            [Assigned to Judge Suzanne G. Bruguera - -
                                         Dept. 71]
13        vs.
                                         NOTICE OF EX PARTE APPLICATION
14   PROFESSIONAL COLLECTION             AND EX PARTE APPLICATION TO
     CONSULTANTS, Inc.; DOES 1 – 10, and STAY PROCEEDINGS PENDING
15   each of them,                       RESOLUTION OF CRIMINAL
                                         INVESTIGATION;  ALTERNATIVELY,
16                 Defendants.           FOR A PROTECTIVE ORDER AND
                                         ORDER SETTING HEARING DATE;
17                                       MEMORANDUM OF POINTS AND
                                         AUTHORITIES IN SUPPORT THEREOF
18
                                         [Declaration of Fontaine Yuk, Declaration of
19                                       James D. Riddet, Declaration of William J.
                                         Kopeny filed concurrently herewith;
20                                       [Proposed] Order lodged herewith]

21                                       Hearing Date:  March 26, 2015
                                         Time:  8:30 a.m.
22                                       Dept.:  71

23
                                         Complaint filed: January 29, 2015
24                                       Trial Date: None

25   TO THE HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

26        PLEASE TAKE NOTICE THAT on Thursday, March 26, 2015 at 8:30 am in Department 71

27   of the above entitled Court, located at 111 North Hill Street, Los Angeles, CA 90012, Defendant

28   Professional Collection Consultants, Inc. ("PCC") will, and hereby does, apply *ex parte,* for an order

---

                                         1
          DEFENDANT PROFESSIONAL COLLECTION CONSULTANT'S EX PARTE
                        APPLICATION TO STAY PROCEEDINGS

staying these proceedings until final disposition of the related criminal investigation of PCC in order to avoid any prejudice or penalty to PCC. Alternatively, Defendant PCC requests that the Court set a hearing date for Defendant's motion as soon as reasonably practicable and issue a protective order staying all discovery until Defendant's motion is heard.

This application is based upon the following grounds:

1. On January 29, 2015, Plaintiff Gregory Hudson filed a lawsuit against PCC alleging wrongful termination, violation of the Whistleblower Statute, disability discrimination, and defamation. Todd Shields is the President of PCC and Mike Flowers is a debt collector at PCC.

2. Prior to the filing of this lawsuit, the Department of Justice began a criminal investigation of PCC for alleged illegal debt collection practices. Hudson's claim against PCC for violation of the Whistleblower Statute is based on the same allegations currently being investigated by the United States Department of Justice.

3. Federal Bureau of Investigation agents served a search warrant on PCC's premises on or about August 2013.

4. Federal prosecutors questioned three PCC employees before the grand jury in October 2013 concerning allegedly criminal activity by PCC.

5. On or about November 26, 2013, Hudson was served with a subpoena to testify before the grand jury and to produce documents relating to the allegations that PCC was illegally obtaining financial and employment information about debtors from the California Employment Development Department and from banks.

6. On or about December 10, 2013, Hudson complied with the subpoena and was interviewed by a Criminal Division attorney from the United States Attorney's Office for the Central District of California.

7. Federal prosecutors issued subpoenas for company employees to testify in December 2013, but cancelled and reset these appearances twice in December 2013 and January 2014.

2

DEFENDANT PROFESSIONAL COLLECTION CONSULTANT'S EX PARTE
APPLICATION TO STAY PROCEEDINGS

RJN - EXHIBIT A
Page 000004

8. Hudson was terminated from PCC on March 19, 2014. Hudson alleges his termination was the direct result of having testified in the federal criminal proceeding against PCC.

9. On or about September 11, 2013, Mr. Shields' criminal defense attorney met with an Assistant United States Attorney who advised him that Mr. Shields is a target of a criminal investigation.

10. Due to the pending criminal investigation, Mr. Shields and Mr. Flowers, have been advised to assert their Fifth Amendment rights throughout the discovery process in this civil matter, limiting their ability to defend themselves and PCC.

11. Mr. Shields and Mr. Flowers should not and cannot be penalized for exercising their constitutional rights, nor should they be forced to choose between defending either the civil case or the criminal case. *Pacers v. Superior Court*, 162 Cal.App.3d 686 (1984).

12. Counsel for Hudson noticed Mr. Shields' deposition for March 17, 2015 and rescheduled it for March 26, 2015. Counsel for Hudson noticed Mr. Flowers' deposition for March 26, 2015.

13. This matter is appropriate to be heard on an *ex parte* basis because Mr. Shield's and Mr. Flowers' depositions are scheduled to take place less than one week from today.

**Pursuant to Rule of Court 3.1202(a), Defendant hereby identifies the parties and their counsel to this action:**

14. As known to Defendant, Plaintiff Gregory Hudson is represented by the following attorneys:

Mark Kleiman, Esq.
Law Offices of Mark Allen Kleiman
2907 Stanford Avenue
Venice, CA  90292
Phone: 310-306-8094
Fax: 310-306-8491
Email: mkleiman@quitam.org


Jay W. MacIntosh
Law Offices of Jay W. MacIntosh
16633 Ventura Blvd., Ste 1200
Encino, CA 91436

3

DEFENDANT PROFESSIONAL COLLECTION CONSULTANT'S EX PARTE
APPLICATION TO STAY PROCEEDINGS

Phone: 310-288-4330
Fax: 310-479-4629
Email: jay@jaywmacintoshlaw.com

15. As known to Defendant, Todd Shields is represented by the following attorney in the criminal matter:

James D. Riddet, Esq.
Bienert, Miller & Katzman, PLC
903 Calle Amanecer, Suite 350
San Clemente, CA  92673
Tel:  (949) 369-3700
Fax:  (949) 369-3701
Email:  jriddet@bmkattorneys.com

16. As known to Defendant, Mike Flowers is represented by the following attorney in the criminal matter:

William J. Kopeny
Appellate Law Offices of William J. Kopeny
2102 Business Center Drive, Suite 130
Irvine, CA 92612
Tel:  (949) 253-5875
Fax:  (949) 253-5766
Email:  wjk@writsnappeals.com

**Notice of Ex Parte Application:**

17. Notice of this Application was provided to Mark Kleiman and Jay MacIntosh, attorneys for Plaintiff, on March 24, 2015 at 11:30 a.m. by fax and e-mail as set forth in the Declaration of Fontaine Yuk filed concurrently herewith.

18. Defendant has not previously appeared ex parte for the relief sought in this application.

///
///
///

4

DEFENDANT PROFESSIONAL COLLECTION CONSULTANT'S EX PARTE
APPLICATION TO STAY PROCEEDINGS

1    This Ex Parte Application is further based upon this Application, the attached Memorandum of

2    Points and Authorities, the concurrently filed Declaration of James D. Riddet, Declaration of William

3    J. Kopeny, and the Declaration of Fontaine Yuk in Support of the Ex Parte Application to Stay

4    Proceedings, as well as the pleadings, records and files in the present action, and on any further

5    evidence the Court admits at the hearing on this *Ex Parte* Application.

6

7    Dated: March 24, 2015                    Respectfully submitted,

8                                             THOMPSON COE & O'MEARA, LLP

9

10

11                                           By: _____

12                                                Wendell F. Hall, Esq.
                                                  Fontaine Yuk, Esq.
13                                                Attorneys for Defendant PROFESSIONAL
                                                  COLLECTION CONSULTANTS
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT PROFESSIONAL COLLECTION CONSULTANT'S EX PARTE
APPLICATION TO STAY PROCEEDINGS

RJN - EXHIBIT A
Page 000007

MEMORANDUM OF POINTS AND AUTHORITIES

I.   INTRODUCTION

Plaintiff Gregory Hudson filed the instant action against Defendant Professional
Collection Consultants, Inc. on January 29, 2015, alleging wrongful termination, violation of
Labor Code § 1102.5 (California's whistleblower protection law), disability discrimination, and
defamation.  Prior to the filing of this lawsuit, the Department of Justice began a criminal
investigation of PCC for alleged illegal debt collection practices.  Hudson's claim against PCC
for violation of the Whistleblower Statute is based on the same allegations currently being
investigated by the United States Department of Justice. (Riddet Decl.¶ 5; Kopeny Decl.¶ 5; see
also Pl.'s Comp.) On or about September 11, 2013, Mr. Shields' criminal defense attorney met
with an Assistant United States Attorney who advised him that Mr. Shields was a target of a
criminal investigation. (Riddet Decl.¶ 7.) Due to the pending criminal investigation, Todd
Shields, President of PCC, and Mike Flowers, a debt collector of PCC, have been advised to
assert their Fifth Amendment rights throughout the course of discovery, as well as at trial of this
matter, so long as the criminal investigation is ongoing. (Riddet Decl.¶ 7; Kopeny Decl.¶ 7.)
PCC will therefore be unduly prejudiced in this action because it will not be able to present a full
defense against Plaintiff's claims.

To avoid this prejudice and penalty, PCC seeks an order staying proceedings until the
criminal investigation is fully resolved.  Such a stay would protect the interests and constitutional
rights of PCC in receiving a fair trial and Mr. Shields' and Mr. Flowers' rights in protecting
themselves against self-incrimination, while not unduly prejudicing Plaintiff's interests in
prosecuting this case.

II.   SUMMARY OF FACTS

Plaintiff Gregory Hudson filed the instant action against PCC on January 29, 2015,
alleging wrongful termination, violation of Labor Code § 1102.5 (California's whistleblower
protection law), disability discrimination, and defamation.  Prior to the filing of this lawsuit, the
Department of Justice began a criminal investigation of PCC for alleged illegal debt collection
practices.  Hudson's claim against PCC for violation of California's whistleblower protection

THOMPSON
COE &
O'MEARA,
LLP

1

DEFENDANT PROFESSIONAL COLLECTION CONSULTANT'S EX PARTE
APPLICATION TO STAY PROCEEDINGS

RJN - EXHIBIT A
Page 000008

1   law is based on the same allegations currently being investigated by the United States

2   Department of Justice. (Riddet Decl.¶ 5; Kopeny Decl.¶ 5; see also Pl.'s Comp.) On or about

3   September 11, 2013, Mr. Shields' criminal defense attorney met with an Assistant United States

4   Attorney who advised him that Mr. Shields was a target of a criminal investigation. (Riddet

5   Decl.¶ 7.) Due to the pending criminal investigation, Todd Shields, President of PCC, and Mike

6   Flowers, a debt collector of PCC, have been advised to assert their Fifth Amendment rights

7   throughout the discovery process, as well as at trial of this matter, so long as this criminal

8   investigation is ongoing. (Riddet Decl.¶ 7; Kopeny Decl.¶ 7.) PCC will therefore be unduly

9   prejudiced in this action because it will not be able to present a full defense against Plaintiff's

10  claims.

11        The criminal charge is based on the *same* allegations made by Plaintiff in the civil matter.

12  (Riddet Decl.¶ 5; Kopeny Decl.¶ 5; see also Pl.'s Comp.)  The Federal Bureau of Investigation

13  agents served a search warrant on PCC's premises on or about August 2013. (Pl.'s Comp. ¶ 29)

14  On or about November 26, 2013, Hudson was served with a subpoena to testify before the grand

15  jury and to produce documents relating to the allegations that PCC was illegally obtaining

16  financial and employment information about debtors from the California Employment

17  Development Department and from banks. (Pl.'s Comp. ¶ 32.) On or about December 10, 2013,

18  Hudson complied with the subpoena and was interviewed by a Criminal Division attorney from

19  the United States Attorney's Office for the Central District of California. (Pl.'s Comp. ¶ 33.)

20  Hudson was terminated from PCC on March 19, 2014.  Hudson alleges his termination was the

21  direct result of having testified in the federal criminal proceeding against PCC. (Pl.'s Comp. ¶

22  34.)

23        Counsel for Hudson noticed Mr. Shields' deposition for March 17, 2015 and it was

24  continued until March 26, 2015.  Counsel for Hudson noticed Mr. Flowers' deposition for March

25  26, 2015.  Due to the pending criminal investigation, Mr. Shields and Mr. Flowers would not be

26  able to answer the majority of questions during the deposition related to the criminal

27  investigation – essentially, they would assert the Fifth Amendment privilege for the majority, if

28  not all, of the deposition.  (Yuk Decl. ¶ 10)

THOMPSON
COE &
O'MEARA.
LLP

2

DEFENDANT PROFESSIONAL COLLECTION CONSULTANT'S EX PARTE
APPLICATION TO STAY PROCEEDINGS

### III.   THE COURT HAS AUTHORITY TO STAY THE PROCEEDINGS

The Court has inherent authority to stay litigation when it is in the interests of justice. *Freiberg v. City of Mission Viejo*, 33 Cal.App.4th 1484, 1489 (1995) ("Trial courts generally have the power to stay proceedings in the interests of justice and to promote judicial efficiency.") The Court may adopt "any suitable process or mode of proceeding...which appear most comfortable to the spirit of his code." *Cal. Code Civ. Proc.* §187.  The authority to stay proceedings is part of the "inherent power of a trial court to exercise a reasonable control over all proceedings connected with the litigation before it...." *Bailey v. Fosca Oil Co.,* 216 Cal.App.2d 813 (1963).  Furthermore, the California *Code of Civil Procedure* gives the Court authority to limit discovery and make any order as justice requires to protect a party from unwarranted annoyance, embarrassment, oppression, or undue burden and expense. *Cal. Code Civ. Proc.* §2025.420(b); 2017.020.

### IV.   A STAY OF PROCEEDINGS IS NECESSARY TO AVOID PENALIZING MR. SHIELDS FOR ASSERTING HIS FIFTH AMENDMENT RIGHT

It is well settled that where a defendant in a civil action face possible criminal prosecution based on the same underlying facts, a stay of civil proceedings is appropriate. *Pacers v. Superior Court*, 162 Cal.App.3d 686 (1984).  A defendant faced with civil and criminal charges on the same set of facts are forced to choose "between defending the civil litigation by providing testimony on the one hand, and losing the case by asserting the constitutional right and remaining silent on the other hand." *Fuller v. Superior Court*, 87 Cal.App.4th 299, 306 (2001).

Incriminating questions are those that not only request information that is directly incriminatory, but also those which request information that would form a "link in the chain of evidence" of alleged criminal activity, and thus indirectly incriminate the witness. *People v. Williams,* 43 Cal.4th 584, 613-614 (2008).  "If the witness swears under oath that the answer might tend to incriminate him, he should be allowed great latitude and the court should sustain his claim of privilege unless it is clear that the answer could have no tendency to incriminate." *Fisher v. Gibson*, 90 Cal.App.4th 274, 285 (2001).

THOMPSON
COE &
O'MEARA,
LLP

3

DEFENDANT PROFESSIONAL COLLECTION CONSULTANT'S EX PARTE
APPLICATION TO STAY PROCEEDINGS

1        In *Pacers v. Superior Court*, 162 Cal.App.3d 686, 687 (1984), the Court ordered a stay

2    of discovery where defendant employees were sued for assault and battery and were also the

3    subject of investigation for criminal assault and battery by the United States attorney. The

4    defendant employees asserted their Fifth Amendment privilege against self-incrimination during

5    their depositions in the civil action due to the threatened criminal proceeding. *Id.* at 688. At the

6    plaintiffs' request, the trial court prohibited the defendant employees from testifying at trial "as

7    to all matters forming the subject matter" of the lawsuit because they failed to answer deposition

8    questions. *Id.* The defendant employees then sought a writ of mandate compelling the trial court

9    to set aside its order prohibiting them from testifying at trial and compelling the trial court to stay

10    their depositions until after the statute of limitations runs on the criminal prosecution. *Id.*

11        The appellate court noted that "[a] party asserting the Fifth Amendment privilege should

12    suffer no penalty for his silence." *Id.* at 689. In this context, "penalty" means the imposition of

13    any sanction which makes assertion of the Fifth Amendment privilege 'costly.'" *Id.* (quoting

14    *Spevack v. Klein*, 385 U.S. 511, 515 (1967)). Noting that the trial court's order "forced

15    [defendant employees] to choose between their silence and a 'meaningful chance of avoiding the

16    loss through judicial process of a substantial amount of property,'" the appellate court found that

17    the defendant employees were "penalized for exercising a fundamental constitutional right" and

18    that "their inability to testify on their own behalf because they asserted their Fifth Amendment

19    privilege made asserting that privilege costly." *Id.* [internal citations omitted]. The appellate

20    court further explained that, "[w]here, as here, a defendant's silence is constitutionally

21    guaranteed, the court should weigh the parties' competing interests with a view toward

22    accommodating the interests of both parties, if possible. An order staying discovery until

23    expiration of the criminal statute of limitations would allow [plaintiffs] to prepare their lawsuit

24    while alleviating [defendant employees'] difficult choice between defending either the civil or

25    criminal case."*Id.* at 690.

26        Here, like the defendants in *Pacers*, Mr. Shields and Mr. Flower's company is a

27    defendant in a civil action and the subject of a pending criminal investigation for the *same*

28    alleged conduct. Like the defendants in *Pacers*, if deposed or required to respond to written

4

DEFENDANT PROFESSIONAL COLLECTION CONSULTANT'S EX PARTE
APPLICATION TO STAY PROCEEDINGS

1   discovery, Mr. Shields and Mr. Flowers will be compelled to assert the Fifth Amendment, and
2   have already been advised by their criminal defense attorneys to do so.  Like the defendants in
3   *Pacers*, Mr. Shields and Mr. Flowers will be unable to defend themselves or PCC in the civil
4   action so long as there is an ongoing criminal investigation against PCC for the same alleged
5   conduct.  Like the defendants in *Pacers*, Mr. Shields and Mr. Flowers will be penalized for
6   exercising a fundamental constitutional right unless a stay is granted.
7           In addition, the Court recognized in *Pacers* that "to allow the prosecutors to monitor the
8   civil proceedings hoping to obtain incriminating testimony from petitioners through civil
9   discovery would not only undermine the Fifth Amendment privilege but would also violate
10  concepts of fundamental fairness." *Id.* at 690.  The Court found that even though a stay might
11  cause some inconvenience and delay to the plaintiffs, "protecting a party's constitutional right is
12  paramount." *Id.* at 690.  Due to the Department of Justice's investigation of PCC, Mr. Shields
13  and Mr. Flowers will need to assert their Fifth Amendment privileges and are legally permitted
14  and constitutionally allowed to do so.
15          Here, Mr. Shields and Mr. Flowers' company is the subject of a criminal investigation
16  into the <u>same</u> conduct it is accused of in the civil matter.  Proceeding with the civil matter
17  provides an opportunity for prosecutors to obtain information and testimony that they otherwise
18  would not be entitled to and forces Mr. Shields and Mr. Flowers to either forego their
19  constitutional right to remain silent or forego defending themselves and their company against
20  the civil charges.  In balance, Mr. Shields and Mr. Flowers' constitutional rights should take
21  precedence over any delay a stay would cause to Plaintiff, particularly when Plaintiff did not
22  even file his lawsuit until close to a year after the alleged incident occurred.
23          As indicated by the *Pacers* court, *supra*, Mr. Shields and Mr. Flowers should not be
24  prejudiced or penalized for exercising his constitutional rights.  They should not be compelled to
25  choose between asserting their Fifth Amendment privileges, or participating in discovery during
26  the pendency of the criminal matter.  As recognized by the *Pacers* court, *supra,* this potential
27  prejudice or penalty can only be remedied by a stay of these proceedings until such time as the
28

THOMPSON
COE &
O'MEARA,
LLP

5

DEFENDANT PROFESSIONAL COLLECTION CONSULTANT'S EX PARTE
APPLICATION TO STAY PROCEEDINGS

1   criminal matter is resolved. Defendant does not request an indefinite stay of proceedings, and

2   instead requests a stay only until the resolution of the criminal proceedings.

3   V.     IN THE ALTERNATIVE, THE COURT SHOULD ISSUE A PROTECTIVE

4         ORDER STAYING ALL DISCOVERY AND ADVANCING THE HEARING

5         DATE

6       In the event that the Court would like additional time to consider a stay of the

7   proceedings, PCC requests that the Court advance the hearing date on its motion to stay to a date

8   as soon as practical for the Court, and stay all discovery in this matter until Defendant's motion

9   is heard. Pursuant to *Code of Civil Procedure* §2025.420 this Court has authority to issue a

10   protective order which designates that a deposition be taken at a specific time, or not at all.

11   Thus, Mr. Shields and Mr. Flowers would not be forced to choose between their constitutional

12   rights against self-incrimination and their right to defend themselves and their company in the

13   civil matter while the Court considers a stay of these proceedings.

14   VI.     CONCLUSION

15       As the *Pacers* Court so aptly stated, Mr. Shields and Mr. Flowers should not suffer for

16   their silence. *Pacers,* 162 Cal.App.3d at 689. For all the reasons stated above, Defendant

17   Professional Collection Consultants, Inc. respectfully requests that this Court enter a stay of

18   proceedings until the related criminal matter is fully resolved.

19

20

21   DATED: March ___, 2015         THOMPSON COE & O'MEARA, LLP

22

23                 By: _____

24                         Wendell F. Hall, Esq.

25                         Fontaine Yuk, Esq.

26                         Attorney for Defendant PROFESSIONAL COLLECTION CONSULTANTS

27

28

6

DEFENDANT PROFESSIONAL COLLECTION CONSULTANT'S EX PARTE
APPLICATION TO STAY PROCEEDINGS