UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

JS-6

| | |
|---|---|
| Case No.   CV-15-2342-MWF (VBKx) | Date:  March 24, 2016 |
| Title:   Western World Insurance Company -v- Professional Collection Consultants | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

    Deputy Clerk:                                      Court Reporter:
    Rita Sanchez                                        Not Reported

    Attorneys Present for Plaintiff:          Attorneys Present for Defendant:
    None Present                                        None Present

**Proceedings (In Chambers):** ORDER GRANTING SUMMARY JUDGMENT [23]

    Before the Court is Plaintiff's Motion for Summary Judgment as to Rescission (the "Motion"), filed on February 19, 2016. (Docket No. 23). Defendant submitted an Opposition to Motion on February 29, 2016, and Plaintiff's Reply followed on March 7, 2016. (Docket Nos. 30, 31). The Court read and considered the papers filed on the Motion, and held a hearing on **March 21, 2016**.

    The Motion is **GRANTED**. Plaintiff is entitled to summary judgment on the issue of rescission because Plaintiff has met its burden of demonstrating that no genuine disputes of fact remain as to Defendant's misrepresentation and the materiality of the misrepresentation, and that Plaintiff is entitled to judgment as a matter of law. Therefore, the Policy Agreement is rescinded based on Defendant's material misrepresentation in its application for continued insurance coverage. Furthermore, Plaintiff has no duty to defend or indemnify Defendant on the wrongful termination claims under the rescinded Policy Agreement.

## I.   BACKGROUND

    Much of the background facts are undisputed, but the parties heavily dispute the interpretations of the governing insurance contract.

    On February 7, 2014, Defendant, a debt collection company, submitted an application to Plaintiff for insurance coverage. (Plaintiff's Statement of Uncontroverted Facts ("PSUF"), Docket No. 25 ¶ 8). The application was signed by

---
**CIVIL MINUTES—GENERAL**                                          1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No. CV-15-2342-MWF (VBKx)            Date: **March 24, 2016**

Title:     Western World Insurance Company *-v-* Professional Collection Consultants

Todd Shields, Defendant's President. (*Id.*). On February 17, 2014, Plaintiff and Defendant entered into a "Directions, Officers, Insured Entity and Employment Practices" liability insurance policy (the "Policy Agreement"). (*Id.* ¶ 1).

Plaintiff initiated this action on March 30, 2015, seeking to rescind the Policy Agreement on the basis that Defendant misrepresented or concealed material facts in its application for insurance. (Docket No. 1). Specifically, Plaintiff contends that Defendant misrepresented or concealed the fact that Defendant has been under investigation by the United States Department of Justice since 2013 for illegal debt collection practices. (PSUF ¶ 11).

### A.     The Federal Criminal Investigation

In 2007, Gregory Hudson, an employee of Defendant, reported what he believed to be illegal conduct by Defendant to the California Employment Development Department ("EDD"). (PSUF ¶ 21). In August 2013, the FBI searched Defendant's offices, seized evidentiary material, and later conducted interviews with Defendant's employees. (*Id.* ¶ 11).

In September 2013, an Assistant United States Attorney met with Shields' counsel and informed him that Shields had become the target of a federal criminal investigation. (*Id.* ¶ 13). In late September, a federal grand jury subpoenaed Defendant to produce documents concerning allegations that Defendant illegally obtained financial and employment information about debtors. (*Id.* ¶¶ 14, 15). Specifically, the subpoena alleged that an Arizona government employee provided sensitive wage information in exchange for cash kickbacks to Michael Flowers, Defendant's employee. (*Id.* ¶ 15). Defendant was later served with two additional federal grand jury subpoenas in the following two months to produce additional documents concerning the investigation. (*Id.* ¶¶ 16–18). More grand jury appearances were set in December, cancelled, and then reset twice before finally being cancelled in January 2014. (Declaration of Clark Garen in Opposition to Motion ("Garen Decl."), Docket No. 30-10 Ex. A ¶ 19). Defendant claims that the cancellation of a grand jury appearance led Defendant to believe that the federal investigation had concluded. (*Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No. CV-15-2342-MWF (VBKx)            Date: **March 24, 2016**

Title:     Western World Insurance Company -*v*- Professional Collection Consultants

¶ 20). However, after the parties executed the Policy Agreement in February 2014, investigations resumed with two more grand jury subpoenas issued in May 2014. (*Id*. ¶ 21).

After the parties entered into the Policy Agreement, Defendant terminated three of its employees: Gregory Hudson, Beblen Pole, and Lisa McCann. (PSUF ¶¶ 20, 27). All three employees either gave evidence to the investigative bodies or complained about the illegal activities they believed Defendant engaged in prior to their terminations. (PSUF ¶¶ 22, 30, 31). Defendant argues that these employees were terminated for cause. (Defendant's Statement of Disputed of Fact ("DSDF"), Docket No. 30 ¶ 31). These three employees initiated Defendant's required administrative hearings and subsequently filed complaints in state court against Defendant for wrongful termination, alleging in part that they had been retaliated against for their whistleblowing activities. (*Id*. ¶¶ 24, 28).

Plaintiff agreed to and continues to defend Defendant, under a reservation of rights, against all three terminated employees. (PSUF ¶¶ 25, 29). However, Defendant has countersued in this action, alleging that Plaintiff has failed to defend and indemnify Defendant under the Policy Agreement in good faith. (Docket No. 9).

### B.     The Insurance Application and Policy Agreement that Issued

Defendant applied to Plaintiff "for a directors and officers liability insurance policy by submitting a CNA-branded application form entitled EPack Extra Renewal Application." (PSUF ¶ 8). CNA was Defendant's existing insurance company at the time. The central provision at dispute in the insurance application asks whether:

> None of the individuals to be insured under any Coverage Part (the "Insured Person") have a ***basis to believe*** that any wrongful act, event, matter, fact, circumstance, situation, or transaction, might ***reasonably*** be expected to result in or be the basis of a ***future claim***?

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No. CV-15-2342-MWF (VBKx)            Date: March 24, 2016
Title:      Western World Insurance Company -v- Professional Collection Consultants

(*Id*. ¶ 9 (emphasis added)).

Defendant answered this question by checking the "No" box. (*Id*.). However, Defendant points out that this question only applied if the applicant was seeking increased policy limits from its prior year coverage, which Defendant was not. (DSDF ¶ 9).

The Policy Agreement that issued insures against loss incurred due to a "claim first made against the insured during the policy period for "wrongful acts" arising out of an "individual insured's" performance of his or her duties on behalf of the "organization" or attributed to the "organization." (PSUF ¶ 3). "Individual insureds" is defined as individuals "who were, now are, or will be directors, trustees, officers, employees, or committee members of the organization . . . ." (*Id*. ¶ 4 (internal quotations omitted)).

Furthermore, the Policy Agreement contains a "Reliance Upon Another's Application Endorsement," which adds: "We have relied on all statements, representations and other information and submitted with the other application or proposal as if they were submitted directly to us using our own 'application' form." (PSUF ¶ 7). Specifically, this section references the CNA application that Defendant submitted. (*Id.* ("Type of Application/Proposal: EPack Extra; Carrier: CNA")). Plaintiff contends that, had Defendant disclosed the federal investigation, it would not have issued the Policy. (*Id.* ¶ 40).

## II.     REQUEST FOR JUDICIAL NOTICE

Plaintiff requests that the Court take judicial notice of complaints filed in the wrongful termination cases brought by Defendant's former employees. (Requests for Judicial Notice, Docket Nos. 26, 34). In addition, Plaintiff requests that the Court take judicial notice of the pleadings on file in this action. (*Id.*).

The Court may take judicial notice of court filings and other matters of public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc*., 442 F.3d 741, 746 n. 6 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

JS-6

Case No. CV-15-2342-MWF (VBKx)             Date: **March 24, 2016**

Title:     Western World Insurance Company -v- Professional Collection Consultants

2006). Judicial notice is also proper of complaints, court orders, judgments, and other documents filed in other litigation. *Kourtis v. Cameron*, 419 F.3d 989, 995 n.3 (9th Cir. 2005). Accordingly, the Court **GRANTS** Plaintiff's request.

### III. DISCUSSION

In deciding motions under Federal Rule of Civil Procedure 56, the Court applies *Anderson*, *Celotex*, and their Ninth Circuit progeny. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation omitted). In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case. *See Houghton*, 965 F.2d at 1537. Once the moving party comes forward with sufficient evidence, "the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense." *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991) (citation omitted). "A motion for summary judgment may not be defeated, however, by evidence that is 'merely colorable' or 'is not significantly probative.'" *Anderson*, 477 U.S. at 249–50.

Plaintiff argues that that it is entitled to summary judgment on the issue of rescission. (Motion at 8–17). Alternatively, Plaintiff argues that its duty to defend and indemnify Defendant is excused under the "prior knowledge" exclusion under the Policy Agreement. (*Id.* at 18).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

JS-6

Case No. CV-15-2342-MWF (VBKx)            Date: **March 24, 2016**
Title:     Western World Insurance Company -*v*- Professional Collection Consultants

### A.     Rescission

An insurer has the right to rescind a policy when the insured has misrepresented or concealed material information in its application to obtain insurance. *Nieto v. Blue Shield of Cal. Life & Health Ins. Co*., 181 Cal. App. 4th 60, 75, 103 Cal. Rptr. 3d 906 (2010) (affirming rescission based on material misrepresentations and omissions in insurance application regarding insured's medical condition and treatment).

#### 1.     Misrepresentation

Defendant argues that it had no basis to believe the federal criminal investigation would result in a claim. (Opposition at 16). But the threshold is not so high when the question posed was whether "the individuals to be insured . . . have a basis to believe that any wrongful act, event, matter, fact, circumstance, situation, or transaction, might reasonably be expected to result in or be the basis of a future claim?" (PSUF ¶ 9). The use of words such as "might," "reasonably," "expected," and "claim" do not require that Defendant be certain of liability before it must answer the question in the affirmative. Instead, the thrust of the question is whether Defendant was aware of any facts that might reasonably give rise to a future claim.

At the time Defendant completed the insurance application in February 2014, the FBI had conducted its search and seizure of Defendant's business records, Shields' counsel had been advised that Shields was the target of a federal criminal investigation, and multiple federal grand jury subpoenas had issued regarding Defendant's debt collection practices. (PSUF ¶¶ 12–18).

Defendant argues that, by the time Defendant submitted the application to Plaintiff in February 2014, its General Counsel had concluded that the FBI had decided to close its investigation. (Garen Decl. ¶ 20). Defendant's General Counsel submitted a declaration attesting to his belief that the investigation had ended because (1) two of the subpoenaed grand jury appearances had been continued several times and eventually cancelled in January 2014; and (2) the indictment, "which was supposedly imminent," had not yet been filed. (*Id.*). Notwithstanding this evidence, Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

JS-6

Case No. CV-15-2342-MWF (VBKx)     Date: **March 24, 2016**

Title:     Western World Insurance Company -v- Professional Collection Consultants

has failed to raise a triable issue of fact regarding whether Defendant's answer "No" amounted to a misrepresentation of the facts.

Even construing all permissible inferences in Defendant's favor, no reasonable jury could conclude that a criminal investigation cannot be "reasonably [] expected to result in or be the basis of a future claim." (PSUF ¶ 9). In other words, although it is true that a criminal investigation may not necessarily raise the specter of civil claims or criminal charges, no reasonable jury could conclude that it would be *unreasonable* to expect civil claims or criminal charges to be filed following a criminal investigation. For example, even if the federal criminal investigation had ended before February 2014 (which it did not), the alleged acts could still give rise to civil liability under the lower burden of proof in civil cases.

The Court does not credit Defendant's argument that its "literal answer" to the question put Plaintiff on notice of potential claims. (Opposition at 16). According to Defendant, its answer in the negative combined with the poor drafting of the question "functionally worked to create a double negative," which in its literal interpretation served as an answer in the affirmative. (*Id.*). This argument is unsupported when the application is considered as a whole. The instructions at the beginning of the application explain that:

> Applicants that answer "Yes" to questions asked below may require substantially different terms and conditions at renewal. Please provide detailed information to any questions answered "Yes" with[in] the space provided at the end of this application. In addition, please attach the documents requested in the Specify Attachments Section.

(Declaration of Gregg C. Rentko in Support of Motion ("Rentko Decl."), Docket No. 28 Ex. A at 1). It is true that the question at issue could have been worded more clearly, but the instructions above clarify the meaning of the question. Given that answering "Yes" may require "substantially different terms and conditions at renewal," Defendant's answer "No" would not put Plaintiff on notice of the potential claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

JS-6

Case No. CV-15-2342-MWF (VBKx)  Date: **March 24, 2016**
Title:    Western World Insurance Company -v- Professional Collection Consultants

Furthermore, Defendant did not attach any of the additional information requested when an applicant answers "Yes," which reinforces the understanding that Defendant's answer "No" meant exactly that.

### 2. Materiality

Defendant argues that the application did not specifically ask whether Defendant was under investigation, and therefore, its non-disclosure does not justify rescission. Specifically, Defendant challenges the materiality of the misrepresentation when Defendant was not required to answer the question that prompted the misrepresentation. (Opposition at 12–15).

At an initial glance, Plaintiff's claim of materiality appears somewhat undermined by the fact that, under the circumstances, the application did not require Defendant to respond to the question at issue. (Opposition at 15; Rentko Decl. Ex. A at 3 ("Please answer this question only if the Applicant is applying for limits of Insurance that exceed the expiring coverage currently written . . . .")). In other words, had Defendant not volunteered the information, there would be no underlying misrepresentation to form the basis of Plaintiff's rescission claim. In fact, the application expressly distinguished its need for this information between applications that seek to maintain from those that seek to increase existing coverage.

"The fact that the insurer has demanded answers to specific questions in an application for insurance is in itself usually sufficient to establish materiality as a matter of law." *Unionamerica Ins. Co. v. The Fort Miller Grp., Inc.*, 379 F. App'x 598, 599 (9th Cir. 2010) (citing *Thompson v. Occidental Life Ins. Co.*, 9 Cal. 3d 904, 916, 109 Cal. Rptr. 473 (1973)). Here, however, the application did not demand answers to the specific question at issue. For this reason, the cases that Plaintiff cites are distinguishable. *See, e.g.*, *LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co.*, 156 Cal. App. 4th 1259, 1267, 67 Cal. Rptr. 3d 917 (2007) (application expressly asked insured whether it "had been or was currently involved in a joint venture, and whether it had a labor interchange with any other business"); *Mitchell v. United Nat. Ins. Co.*, 127 Cal. App. 4th 457, 475–76, 25 Cal. Rptr. 3d 627 (2005) (application

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-15-2342-MWF (VBKx)                    Date:  March 24, 2016
Title:     Western World Insurance Company -v- Professional Collection Consultants

---

expressly asked "questions concerning the ownership, size and condition of the building, the nature of the business to be conducted, and its payroll and receipts, and the existence of insurance under the FAIR Plan"); *Thompson*, 9 Cal. 3d at 914 ("Occidental contends that Thompson misrepresented or concealed the answers to questions 5 and 6."); *Zurich Am. Ins. Co. v. Expedient Title, Inc*., No. 3:11-CV-001633 (MPS), 2015 WL 9165875, at *1 (D. Conn. Dec. 16, 2015) (application expressly asked "about whether any of [the insured's] officers was the subject of a governmental investigation"); *Upper Deck Co. v. Endurance Am. Specialty Ins. Co*., No. 10CV1032 JM WMC, 2011 WL 6396413, at *6 (S.D. Cal. Dec. 15, 2011) (application "required [insured] to identify whether [it] was aware of any alleged deficiencies, errors or omissions in work performed by [insured] that had not been previously been reported").

   The Court notes, however, that the application Defendant submitted was a "***CNA-branded*** application form entitled EPack Extra Renewal Application." (PSUF ¶ 8). In other words, Defendant borrowed an application form from CNA, Defendant's existing insurance company, and submitted the application to Plaintiff for consideration. Therefore, the contents of the CNA application do not reflect the questions that Plaintiff seeks in its own application. Furthermore, having volunteered false information in the CNA application that denies any knowledge of potential claims against Defendant, Defendant in effect foreclosed Plaintiff's further inquiry into this information. Otherwise, according to the declaration submitted by Gregg Rentko, Plaintiff's Second Vice President in the Professional Lines Department of the Underwriting Division, "[a]n insured's knowledge of claims pending against it or circumstances that could give rise to a claim against it is a critical consideration in Western World's decision to write this coverage." (Rentko Decl. ¶ 10).

   The Policy Agreement that issued explicitly states that Plaintiff relied on all information submitted by Defendant to determine the appropriate premium and coverage. (PSUF ¶ 7). Therefore, the misrepresentation became material when Defendant volunteered it in the application and Plaintiff subsequently relied on it. The Court's interpretation that materiality is determined at the time the Policy Agreement issued is supported by section 356 of the California Insurance Code: "The completion

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-15-2342-MWF (VBKx)                                Date:  March 24, 2016
Title:      Western World Insurance Company -v- Professional Collection Consultants

of the contract of insurance is the time to which a representation must be presumed to refer."  Cal. Ins. Code § 356.  The fact that the CNA application did not request the specific information is irrelevant to whether Plaintiff would have demanded it.  *Imperial Cas. & Indem. Co. v. Sogomonian*, 198 Cal. App. 3d 169, 181, 243 Cal. Rptr. 639, 644 (1988) (Materiality is "a subjective test; the critical question is the effect truthful answers would have had on [that insurer], not on some 'average reasonable' insurer.").  The Court notes that Defendant's reliance on *Stipcich v. Metropolitan Life Insurance Company*, 277 U.S. 311, 318 (1928) is misplaced because the Supreme Court reached its ruling under Oregon law.

Furthermore, the California Civil Jury Instructions also demonstrate that demand for the misrepresented information is not an element of a rescission claim based on misrepresentation.  The CACI instruction for "Rescission for Misrepresentation or Concealment in Insurance Application—Essential Factual Elements" requires that "the application asked for [the] information" ***only when*** the claim is based on concealment rather than misrepresentation.  CACI Instruction No. 2308 ("Element 3 applies only if plaintiff omitted information, not if he or she misrepresented information.").  As for materiality, CACI requires only "[t]hat [the insurer] would not have issued the insurance policy if [the insured] had stated the true facts in the application."  *Id.*  This requirement is consistent with the definition of "materiality" in the California Insurance Code:

> Materiality is to be determined not by the event, but
> solely by the probable and reasonable influence of the
> facts upon the party to whom the communication is due,
> in forming his estimate of the disadvantages of the
> proposed contract, or in making his inquiries.

Cal. Ins. Code §§ 334 (concealment), 360 (misrepresentation).

Plaintiff's declaration from its Second Vice President, who bore the "ultimate responsibility for the decision to issue" the Policy Agreement, confirms that Plaintiff "would not have issued the policy to [Defendant] had it known of the ongoing federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-15-2342-MWF (VBKx)                    Date:  March 24, 2016
Title:     Western World Insurance Company -v- Professional Collection Consultants

criminal investigation and whistleblower claims against [Defendant]." (Rentko Decl. ¶¶ 2, 10). Although "the trier of fact is not required to believe the 'post mortem' testimony of an insurer's agents that insurance would have been refused had the true facts been disclosed," Plaintiff's declaration satisfies the materiality element in the absence of any contrary evidence. *Nieto*, 181 Cal. App. 4th at 77–78 (summary judgment appropriate when insurance company's declarations "constituted the only evidence on the point" of materiality); *see also LA Sound USA*, 156 Cal. App. 4th at 1269 ("Contrary to plaintiffs' claim, St. Paul had no obligation to produce the specific underwriter who reviewed the application. Materiality may be shown by the effect of the misrepresentation on the 'likely practice of the insurance company'—'[t]he test is the effect which truthful answers would have had *upon the insurer*.'" (emphasis in original and citations omitted)).

At the hearing, defense counsel argued that discovery is still pending regarding the actual underwriting decision at issue in this case. But evidence of actual reliance on the misrepresentation is not necessary to Plaintiff's claim. An "insurer can make an adequate showing that the misrepresentation was material to its decision, without actually presenting testimony from the underwriters who reviewed the application. Rather, '[m]ateriality may be shown by the effect of the misrepresentation on the 'likely practice of the insurance company . . . .'" *Sigelman v. Lawyers' Mut. Ins. Co.*, No. D050783, 2008 WL 4418183, at *12–13 (Cal. Ct. App. Oct. 1, 2008) ("[T]o the extent that Plaintiff now contends that Insurer failed to prove actual reliance on the alleged misstatements or omissions in the application, Plaintiff mistakenly relies upon inapposite tort cases involving fraud and deceit."), *as modified on denial of reh'g* (Oct. 28, 2008).

"[M]ateriality . . . must be determined 'solely by the probable and reasonable influence' which the admittedly undisclosed information would have had upon [the insurer's] decision to issue the policy." *Imperial Cas. & Indem. Co.*, 198 Cal. App. 3d at 181. "[A] simple incorrect answer on an insurance application will not give rise to a defense of fraud, where the true facts, if known, would not have made the contract less

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-15-2342-MWF (VBKx)                             Date:  March 24, 2016
Title:     Western World Insurance Company -v- Professional Collection Consultants

desirable to the insurer." *Merced County Mut. Fire Ins. Co. v. State*, 233 Cal. App. 3d 765, 773, 284 Cal. Rptr. 680 (1991) (citing *Thompson*, 9 Cal. 3d at 916).

Misrepresentations are material, however, when the insurer would have evaluated the risk to be insured differently, such as by denying the policy or charging different premiums, if the true facts had been known.  *Century Sur. Co. v. Helleis*, 539 F. App'x 749, 750 (9th Cir. 2013) (citing *Old Line Life Ins. Co. v. Superior Court*, 229 Cal. App. 3d 1600, 1606, 281 Cal. Rptr. 15 (1991)).  Based on the evidence presented at summary judgment, no reasonable jury could conclude that knowledge of the criminal investigation would not have, at a minimum, altered Plaintiff's evaluation of the risk in issuing the Policy Agreement.  Indeed, "other courts and commentators have recognized that the existence of circumstances that can lead to litigation are material to an insurer's decision to issue a directors and officers' liability policy," which is the precise type of policy at issue in this case.  *Jaunich v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 647 F. Supp. 209, 211 (N.D. Cal. 1986); *accord Butcher v. Gulf Ins. Co.*, No. C 03-3553 PJH, 2005 WL 1514086, at *12 (N.D. Cal. June 15, 2005) ("[T]he existence of circumstances that can lead to litigation are material to an insurer's decision to issue a policy, particularly when the information has been specifically requested as part of the insurance application.").

### 3. Nexus Between Misrepresentation and Claimed Loss

Defendant dedicates a portion of its Opposition to argue that the employment termination claims and criminal investigation are not related.  (Opposition at 17).

It is not necessary, however, that an insured's misrepresentation relate to the loss ultimately claimed by the insured.  The question is whether the misrepresentation is such that, if Plaintiff had known the true facts regarding the criminal investigation, it would have made further inquiries or would have been influenced materially in its decision in accepting the risk.  Here, there is sufficient evidence that, if Plaintiff had known about the criminal investigation, it would not have issued the policy.  The law does not impose a nexus requirement between the misrepresentation and claimed loss at issue.  *See, e.g.*, *Torbensen v. Family Life Ins. Co.*, 163 Cal. App. 2d 401, 405, 329

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

JS-6

Case No. **CV-15-2342-MWF (VBKx)**            Date: **March 24, 2016**

Title:     **Western World Insurance Company** -v- **Professional Collection Consultants**

---

P.2d 596 (1958) (because insurer may never have issued the policy had it known of insured's heart condition, insurer was entitled to rescind on the basis that insured had misrepresented that he had never been diagnosed with heart disease even though insured died of lung cancer).

       Because Defendant misrepresented material information in its application, Plaintiff's motion for summary judgment is **GRANTED**, and Defendant's conclusory "cross-request for summary judgment" as to rescission is **DENIED**. Because the Court concludes that rescission is proper, the Court does not reach the alternative issues raised by Plaintiff regarding "prior knowledge."

       **B.**     <u>**No Duty to Defend or Indemnify**</u>

       A rescission "effectively renders the policy totally unenforceable from the outset, so that there never was any coverage . . . ." *Atmel*, 426 F. Supp. 2d at 1044. A rescinded insurance contract extinguishes the policy *ab initio*, "as though it never existed," and those claiming to be insureds "in law, never were insureds under [the] policy of insurance." *Id.* at 1045. Therefore, "there is no duty to defend if an insurer has unilaterally rescinded a policy unless and until the rescission has been set aside." *Id.* at 1044–46.

       Because summary judgment is granted in favor of Plaintiff regarding rescission, the Motion is also **GRANTED** as to Plaintiff's request for declaratory judgment that Plaintiff does not have a duty to defend or indemnify Defendant.

       Defendant's counterclaims alleging Plaintiff's failure to defend or indemnify are therefore moot. *See, e.g.*, *Imperial Cas. & Indem. Co.*, 198 Cal. App. 3d at 184–85 ("upon a rescission of a policy of insurance, based upon a material concealment or misrepresentation, all rights of the insured thereunder (except the right to recover any consideration paid in the purchase of the policy) are extinguished"); *U.S. Fid. & Guar. Co. v. Lee Investments LLC*, No. CVF995583OWW/SMS, 2008 WL 5101345, at *17 (E.D. Cal. Dec. 3, 2008) (rescission of insurance contract bars breach of contract and breach of implied covenant of good faith and fair dealing claims). Defendant's

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-15-2342-MWF (VBKx)            Date:  March 24, 2016
Title:  Western World Insurance Company -v- Professional Collection Consultants

singular reliance on an *Illinois* case for the proposition that an insurer must seek rescission in a reasonably prompt manner is inapposite.  (Opposition at 21 (citing *Certain Underwriters at Lloyd's, London v. Abbott Labs.*, 16 N.E. 3d 747, 758 (Ill. App. Ct. 2014))).

### C. Defendant's Request to Continue

In the alternative, Defendant requests that, if the Court is inclined to grant summary judgment, Defendant be allowed to complete discovery before the Court renders a decision.  (Opposition at 21–22).

Under Rule 56(d):

> [A] trial court may order a continuance on a motion for summary judgment if the party requesting a continuance submits affidavits showing that, without Rule 56 assistance, it cannot present facts necessary to justify its claims.  The requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment.

*Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

Based on the authorities cited above, the outstanding discovery is not essential to the opposition.  Based on the undisputed facts, and regardless of what the discovery responses would be, no rational jury could ever find in favor of Defendants.

Accordingly, Defendant's request is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No.** CV-15-2342-MWF (VBKx)     **Date:** March 24, 2016

Title:     Western World Insurance Company -v- Professional Collection Consultants

## IV. CONCLUSION

For the above reasons, the Motion is **GRANTED**.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.