**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 02 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WESTERN WORLD INSURANCE COMPANY,<br><br>        Plaintiff-Appellee,<br><br>v.<br><br>PROFESSIONAL COLLECTION CONSULTANTS,<br><br>        Defendant-Appellant. | No.   16-55470<br><br>DC No. CV 15-2342 MWF<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted December 5, 2017
Pasadena, California

Before:    TASHIMA and BERZON, Circuit Judges, and KENNELLY,[**] District Judge.

In August 2013, FBI agents executed a search warrant at the offices of Professional Collection Consultants ("PCC"). Over the next several months,

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

investigators subpoenaed several PCC employees and PCC produced thousands of documents. In February 2014, PCC applied for directors and officers liability insurance from Western World Insurance Co. ("Western"), and Western issued PCC a policy. PCC had submitted (and Western accepted) a CNA insurance renewal application form, even though Western is not a CNA Company and PCC was not renewing a Western policy. In 2015, Western moved to rescind the policy on the basis that PCC made a material misrepresentation in its application. The disputed question read:

> None of the individuals to be insured under any Coverage Part (the "Insured Persons") have a basis to believe that any wrongful act, event, matter, fact, circumstance, situation, or transaction, might reasonably be expected to result in or be the basis of a future claim?

PCC marked "No."

The district court granted Western's summary judgment motion for rescission and denied PCC's request for additional discovery. PCC appealed. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment, *Jones v. Royal Admin. Servs., Inc.*, 866 F.3d 1100, 1104 (9th Cir. 2017), and we review for abuse of discretion the denial of a discovery continuance, *Tatum v. City & Cty. of S.F.*, 441 F.3d 1090, 1100 (9th Cir. 2006). We affirm.

1.     PCC's answer was a material misrepresentation because it was aware of existing circumstances – the federal investigation – that could lead to a claim covered by the policy.  Under California law, a party may rescind an insurance contract if the other party made representations "false in a material point."  Cal. Ins. Code § 359.  "Materiality is determined solely by the probable and reasonable effect which truthful answers would have had upon the insurer."  *Thompson v. Occidental Life Ins. Co.*, 513 P.2d 353, 360 (Cal. 1973); *see also* Cal. Ins. Code §§ 334, 360.  The materiality inquiry is a "subjective test viewed from the insurer's perspective."  *Superior Dispatch, Inc. v. Ins. Corp. of N.Y.*, 104 Cal. Rptr. 3d 508, 520 (Ct. App. 2010), *as modified on denial of reh'g* (Feb. 22, 2010).  "[R]escission effectively renders the policy totally unenforceable from the outset so that there was never any coverage and no benefits are payable."  *Imperial Cas. & Indem. Co. v. Sogomonian*, 243 Cal. Rptr. 639, 645 (Ct. App. 1988); *accord U.S. Fid. & Guar. Co. v. Lee Invs. LLC*, 641 F.3d 1126, 1136 (9th Cir. 2011).

PCC contends that it did not misrepresent the truth because, if the application question is read literally, PCC's "no" answer informed Western that PCC *was* aware of circumstances that could lead to a claim.  However, the form instructions stated that a "yes" answer would require applicants to provide "detailed information" about their answer and could precipitate "substantially

different terms and conditions." PCC provided no additional information to explain its answer. Given that context, Western reasonably understood PCC's answer to mean PCC was not aware of any circumstances that could lead to a claim. The policy covered claims arising from, *inter alia*, a civil, regulatory, criminal, or administrative proceeding or investigation against PCC or any of the individual insureds. Although PCC claims it thought the federal investigation was over before PCC completed the application,[1] the only reasonable conclusion is that the federal criminal investigation, even if closed or on hold, nonetheless *might* lead to a claim under the policy.

PCC also contends its answer was immaterial because the question was required only for applicants who, unlike PCC, sought increased policy limits. Specific demand for information "is in itself usually sufficient to establish materiality," *Thompson*, 513 P.2d at 360, but not necessary. Courts also "inquire into the nature of the information withheld." *Taylor v. Sentry Life Ins. Co.*, 729 F.2d 652, 655 (9th Cir. 1984). Put simply, a misrepresentation is material when it "regard[s] the nature of the risk to be insured." *Merced Cty. Mut. Fire Ins. Co. v.*

---

[1] The investigation was in fact not over. The government issued additional subpoenas in the Spring 2014. In November 2017, the government filed a criminal information against PCC and PCC entered a plea of guilty pursuant to a plea agreement.

*California*, 284 Cal. Rptr. 680, 685 (Ct. App. 1991).  PCC was not entitled to misrepresent the truth about the investigation simply because Western did not ask a specific question.

Moreover, Gregg Rentko, Western's senior underwriting executive, stated in a declaration that "Western World would not have issued the policy to PCC had it known of the ongoing federal criminal investigation."  PCC presented no contrary evidence.  Although the factfinder "is not required to believe the 'post mortem' testimony of an insurer's agents," *Thompson*, 513 P.2d at 360 (citations omitted), courts will accept an insurer's uncontradicted declaration as proof of materiality at the summary judgment stage.  *See Superior Dispatch*, 104 Cal. Rptr. 3d at 521–22 (concluding misrepresentation was material based on underwriter's uncontroverted declaration that truthful disclosure would have affected insured's premium or precluded policy issuance); *Mitchell v. United Nat'l Ins. Co.*, 25 Cal. Rptr. 3d 627, 639 (Ct. App. 2005) (concluding misrepresentation was material where underwriter declared she relied on insured's answers).  Western therefore carried its burden of showing materiality as a matter of law.

Nor did Western delay, as it moved to rescind the policy only after learning of the investigation.  *See LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co.*,

67 Cal. Rptr. 3d 917, 925–26 (Ct. App. 2007) (permitting rescission after insurer defended insured under reservation of rights until it discovered misrepresentation).

**2.**     PCC requested additional discovery after Western moved for summary judgment. Once a party moves for summary judgment, if the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may defer the summary judgment motion to permit additional discovery. Fed. R. Civ. P. 56(d). Specifically, the party desiring additional discovery must show that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

Here, PCC did not meet its Rule 56(d) burden. PCC's declaration stated only in a conclusory fashion that additional discovery was "calculated to lead to the discovery of relevant evidence pertinent to the issues" on the summary judgment motion. PCC identified some documents it wished to receive, but failed to "explain why those facts would have precluded summary judgment" if obtained. *Tatum*, 441 F.3d at 1100. The district court did not abuse its discretion in denying PCC's discovery request.

. ● .

The judgment of the district court is **AFFIRMED**.