**EXHIBIT "J"**

## Sara M. Parker

| | |
|---|---|
| **From:** | Sara M. Parker |
| **Sent:** | Tuesday, May 29, 2018 11:06 AM |
| **To:** | 'Jahnavi Goldstein' |
| **Cc:** | Dave Wiechert |
| **Subject:** | RE: Western World v. PCC |

Thank you, Jahnavi.

WWIC will proceed with its motion.

Best Regards,

Sara

**Sara M. Parker**
**Selvin Wraith Halman LLP**
**Direct Line: 510.874.1813**

**From:** Jahnavi Goldstein [mailto:jahnavi@davidwiechertlaw.com]
**Sent:** Thursday, May 24, 2018 6:32 PM
**To:** Sara M. Parker
**Cc:** Dave Wiechert
**Subject:** Re: Western World v. PCC

Sara:

I've conferred with my client and PCC will only stipulate to the $150,000 WW paid for the Hudson settlement. While PCC recognizes that WW made additional expenditures of $51,901.47, PCC will not stipulate to that additional amount as PCC believes that such expenditures would not have been necessary for WW to make had WW agreed to let PCC's in-house counsel, Clark Garen, take over the defense of the matters when he requested to do so on May 17, 2015, which WW refused.

Thank you,
Jahnavi

On Wed, May 23, 2018 at 12:29 PM, Sara M. Parker <sparker@selvinwraith.com> wrote:

Jahnavi,

Thank you.  I have just returned to the office and will review this further.

In the interim, please let me know if PCC is willing to stipulate to the amounts paid by WWIC ($201,901.47) and supported by the previously provided documentation.

Best Regards,

1

Sara

**Sara M. Parker**

**Selvin Wraith Halman LLP**

Direct Line: 510.874.1813

**From:** Jahnavi Goldstein [mailto:jahnavi@davidwiechertlaw.com]
**Sent:** Tuesday, May 22, 2018 12:12 PM
**To:** Sara M. Parker
**Cc:** Dave Wiechert
**Subject:** Re: Western World v. PCC

Sara,

Thank you for your patience. Attached is the PCC backup related to the $64,792.39 in payments PCC made directly to Thompson Coe. Unfortunately the invoices relating to the $44,637.39 check could not be found, but there is a breakdown of the amounts included therein.

Thank you,

Jahnavi

On Mon, May 7, 2018 at 4:30 PM, Sara M. Parker <sparker@selvinwraith.com> wrote:

Jahnavi,

This follows our call this afternoon. As dicussed, WWIC has determined the Thompson Coe invoices for which there were no WWIC checks are for amounts invoiced directly to PCC by Thompson Coe. I have updated the previously circulated spreadsheets deducting those amounts from the total. The following summarizes the amounts and are explained further in the attached spreadsheets.

| **WWIC FEES/COSTS & SETTLEMENT** |
|---|

SMP DEC - EXHIBIT J
Page 000286

| Description | Amount | 10% Interest | Total |
|---|---|---|---|
| Hudson Fees | $45,292.34 | $9,397.81 | $54,690.15 |
| Hudson Costs | $20,814.70 | $4,501.69 | $25,316.39 |
| Pole Fees | $35.00 | $6.75 | $41.75 |
| **Subtotal** | **$66,142.04** | **$13,906.25** | **$80,048.29** |
| Hudson Settlement | $150,000.00 | $32,301.37 | $182,301.37 |
| **TOTAL EXPENDITURES** | **$216,142.04** | **$46,207.62** | **$262,349.66** |
| Insurance Premium | ($14,240.57) | | ($14,240.57) |
| **TOTAL** | **$201,901.47** | **$46,207.62** | **$248,109.09** |

PCC believes it overpaid the $50K deductible by about $15K. WWIC has no documentation of a $15K overpayment and because PCC made multiple lump sum payments on the same date, WWIC is unable to determine which payments relate to which invoices. WWIC will consider documentation provided by PCC and I understand you are working to obtain overpayment information from your client. I have included a spreadsheet containing the information WWIC has regarding PCC's deductible payment.

As agreed, WWIC will submit an updated status report to the Court today advising the Court that the parties are continuing to meet and confer regarding WWIC's payments on behalf of PCC and PCC's payments in satisfaction of the $50K deductible and that WWIC will bring its motion for judgment no later than Friday, June 8, 2018.

I am outside of the office from May 10 – 17 but will have access to email during that time.

Best Regards,

Sara

**Sara M. Parker**

**Selvin Wraith Halman LLP**

505 14th Street · Suite 1200 · Oakland, California  94612-1419

Direct:  510.874.1813 · Tel:  510.874.1811 · Fax: 510.465.8976

3

SMP DEC - EXHIBIT J
Page 000287

Email: sparker@selvinwraith.com

http://www.selvinwraith.com

--

Jahnavi Goldstein

Senior Associate Attorney

Law Office of David W. Wiechert

www.davidwiechertlaw.com

+1-310-415-5069 Mobile

---

This communication is privileged and confidential. If you are not the intended recipient please delete it and any attachments and notify me immediately. Thank you.

--
Jahnavi Goldstein
+1-310-415-5069 Mobile
---
This communication is privileged and confidential. If you are not the intended recipient please delete it and any attachments and notify me immediately. Thank you.

## Sara M. Parker

| | |
|---|---|
| **From:** | Sara M. Parker |
| **Sent:** | Tuesday, April 24, 2018 3:57 PM |
| **To:** | jahnavi@davidwiechertlaw.com |
| **Cc:** | dwiechert@aol.com |
| **Subject:** | WWIC v. PCC |
| **Attachments:** | PCC Fees Costs & Interest.xlsx; SKM_C654e18042415300.pdf |

Jahnavi,

This follows our meet and confer teleconference today regarding WWIC's motion for partial summary judgment for quantification of damages and entry of final judgment against PCC.

As agreed, I am providing the "active" excel spreadsheets setting forth WWIC's fees, costs and interest calculations, including the formulas used to for our calculations. WWIC's attorney fee payments are tracked and confirmed on the invoices. Prejudgment interest is currently calculated through the end of April and we will update interest calculations prior to filing our motion. You indicated PCC believes Thompson Coe's fees are unreasonable, but did not specify why. Thompson Coe's attorney rates are $175 and $250 per hour and we do not believe the court will find Thompson Coe's $76,000 legal fee for 3 years of litigation unreasonable.

I am also providing the documentation PCC provided regarding its satisfaction of the $50,000 retention. These amounts are not included in our analysis. You indicated there may be an additional $15,000 payment made by PCC. We will consider any documentation you provide, although it does not alter the amounts paid by WWIC.

The Northern District decision allowing for recovery of prejudgment interest from date of invoice as opposed to date of payment is *Copart, Inc. v. Travelers Indem. Co.*, 1999 WL 977948. Other Northern Dist. decisions have followed *Copart*.

Under the local rules, we are required to wait seven days following today's teleconference to file our motion, which places the filing date at May 2. As a courtesy, WWIC will continue to meet and confer up to May 7, 2018, but WWIC will not wait beyond May 7 to file its motion because WWIC believes all issues regarding WWIC's payments and calculations can be resolved by May 7 and entry of judgment against PCC is simply a matter of procedure.

Best Regards,

Sara

**Sara M. Parker**
**Selvin Wraith Halman LLP**
505 14th Street · Suite 1200 · Oakland, California 94612-1419
Direct: 510.874.1813 · Tel: 510.874.1811 · Fax: 510.465.8976
Email: sparker@selvinwraith.com
http://www.selvinwraith.com

SMP DEC - EXHIBIT J
Page 000289